## MARSHALL *vs.* WOOD.

1. A warranty of soundness is broken, if the property is diseased at the time
   of the sale, whether the disease be of a permanent character or not, and
   the vendee is entitled to recover to the extent of the damage he has sus-
   tained by the breach.
2. The vendee, after a breach of warranty, may retain the property in its
   unsound condition, and rely upon the warranty. He is not bound to ac-
   cept the proposition of the vendor to rescind the contract and refund the
   purchase money, with interest, &c.; nor can his promise to consider such
   proposition, and to give him notice whether he will accept it or not, before
   he institutes suit, which he fails to do, deprive him of his action, or
   amount to a waiver or discharge of the vendor's liability—especially where
   it is not shown that the latter is placed in any worse condition by the
   want of such notice.
3. In an action for a breach of warranty of soundness in the sale of a slave,
   the true measure of damages, where the vendee retains the property, and
   it is of any value, is the difference between its actual value at the time of
   the sale and the value it would have possessed had it conformed to the
   warranty—holding the price paid as evidence of the latter—to which the
   jury may add interest on such difference, and money necessarily paid to a
   physician in attempting to cure the disease.

Error to the Circuit Court of Macon. Tried before the
Hon. Nathan Cook.

This was an action of assumpsit, instituted by the defend-
ant against the plaintiff in error to recover damages for the
breach of warranty of a female slave. The plaintiff having

introduced proof, tending to show that the slave in question with her child, was purchased by him from defendant at the price of six hundred dollars under a warranty of soundness, &c., that the woman alone, if sound, would have been worth $550 at the time of sale, that she was a short time after the sale affected with a disease, termed by medical men Amenorrhœa, in consequence of which she was not worth more than two hundred dollars, and that the disease was apparently of several years standing, the defendant proved that about a month after the sale he proposed to the plaintiff to take the slave back and secure to him the purchase money paid, with interest, &c., payable one half in three weeks and the other half in three months, and that the plaintiff promised to consider the proposition and to give him notice of his determination after consultation with his counsel, before he proceeded to institute suit against him, but which notice he never gave. The defendant offered to prove that at the first trial term of the cause, he tendered to the plaintiff the purchase money of both the slaves with interest, physician's bill and costs of suit, but the court disallowed the proof. There was no evidence that the woman had recovered from the disease with which she was affected.

The defendant asked the court to charge the jury:

1st. That before the plaintiff can recover he must prove to their satisfaction that the negro woman was affected at or before the sale with the same disease, called Amenorrhœa, with which she was affected subsequently to the sale, which charge the court refused, and instructed the jury that the warranty was broken if the woman was diseased at the time of the sale and so continued afterwards; and that it was immaterial whether the disease was the same with which she was subsequently affected or not:

2d. That if the plaintiff promised to consider the defendants proposition to rescind the contract of sale and to give him notice of his determination, before he proceeded to institute suit against him, he had no right to sue until such notice was given, which charge the court also refused, and instructed the jury, that they were not to look to the testimony on that subject for any purpose whatever, not even for the purpose of ascertaining the estimate which the plaintiff himself placed up-

on the slaves. The remaining charge asked and the charge given in response to it are set out in the opinion of the court. The ruling &c. of the court, the defendant now assigns as error.

GUNN, for the plaintiff in error:

1. In actions to recover for breach of warranties of soundness, it is not every disease which will constitute a breach; and if the slave at the time of the sale was affected with one disease that would have rendered her less valuable, but of which she had recovered, and was afterwards affected with another having no connection with the former, the warranty is not broken. Margetson v. Wright, 8 Bing. 454; 4 Phillips' Ev. 194, note 300; Marshall v. Gantt, 15 Ala. Rep. 686.

2. In actions sounding in damages, evidence is legitimate which shows the estimate placed upon the property by the parties. Surely, then, the refusal of the defendant in error to be reimbursed his money, expenses, costs, &c. ought to have been submitted to the jury as proper data for their consideration in determining the extent of the injury sustained.—Cox v. Walker, 6 Ad. & E. 523; Hogan v. Thorington, 8 Porter, 430; Kornegay v. White, 10 Ala. Rep. 258; Willis et al. v. Dudley, ib. 741; Melton v. Rowland, 11 ib. 739.

3. A plaintiff is in general entitled to recover for all losses resulting directly from a breach of warranty; thus in some cases he may recover even beyond the price paid—not only the purchase money, but all proper expenditures for medical aid. This is the doctrine of the court in Hogan v. Thorington, *supra*, in which there was a reversal because a similar charge to the one here objected to was given.—See Lightner v. Martin, 2 McCord's Rep. 214; Chase v. Maynard, 6 A. & E. 519; 1 Taunton, 566; 3 Esp. Rep. 82; 5 Wend. § 535; 1 N. & McCord's Rep. 210; Garrett v. Stewart, 1 McC. Rep. 514; Ware v. Weatherall, ex'r, 2 ib. 413; which authorities with those that here follow, I think, with respect to the opinion of the majority of the court in Willis and another v. Dudley, 10 Ala. Rep., go to show that the opinion of the Chief Justice is the better law—and further, that the authorities upon which the majority of the court based their opinion confounded the terms price paid and value, and when examined carefully, true

value in the most of them, means nothing more or less than the price paid, or the value placed upon the property in the purchase.—See Gregory v. McDowell, 8 Wend. 435; Shephard v. Hampton, 3 Wheat 200; Blydenburgh v. Welsh, 1 Bald. Rep. 331. It is the price, the market price of the article that is to furnish the measure of damages. Now the market price is the value—the rate at which the thing is sold. To make a market there must be a buying and selling, purchase and sale—the purchaser must be content with the price of that day, and cannot claim the benefit of a subsequent increase of value—a thing is worth what it will bring.—Miller v. Mariner's Church, 7 Greenl. Rep. 51. Under any other view, the seller attempting to get the best price for his property is presented as selling a slave for about $200 less than she was worth, or considered to be worth, if as she was sold; the policy of the law is that the remedy should be commensurate with the injury. In this case $600 is paid for a woman and child, and being of some value, he ought not to be in a better situation than if valueless; his recovery in the latter case would be the purchase money, physician's bill, interest, &c., whether the slaves, if as represented to be, were not worth one half that sum.—1 H. Blackf. 17; 7 Taunt, 153; 1 ib. 566; 2 Term Rep. 745; 3 Starkie's Rep. 32; 2 Chitty's Rep. 416; 3 Starkie's Ev. 1666. If this be the correct doctrine, where the property is valueless, the measure of damages where the same is of some value, should be the difference between the sum given and the real value, with interest, expenses, &c.—2 Saunders' Pl. & Ev. 917; Lewis v. Peale, 7 Taunt. 153; 5 Wend. 535; 1 Johns. 517; 1 Bay's Rep. 321 ; 2 Greenl. on Ev. 216, § 262; Conner's heirs, v. Strode, 2 Bibb, 280; 1 Litt. 494; Marshall's heirs, v. McConnell's heirs, 3 Litt. 125.

CLOPTON, for defendant in error:

1. There was no binding legal obligation upon Wood to notify Marshall of his intention to sue, after the offer by Marshall to compromise by giving his note; that offer not having been acceded to by Wood. The writ was notice sufficient. Adams v. Shelby, 10 Ala. Rep. 484.

2. The evidence of a tender was irrelevent to the issue and inadmissible. There was no plea of tender. A tender is only

allowed where a debt is due on specialty or simple contract, which is either certain, or capable of being reduced to a certainty by mere computation.—3 Stephens' Nisi Prius, 2599 ; 2 Saunders on Plead. & Ev. 833. After a contract is broken a tender cannot be effectual to bar the action for damages. Suffolk Bank v. Worcester Bank, 5 Pick. 106; 8 East, 168. The tender was made after the commencement of the suit.

3. In an action for the false warranty of a slave, the plaintiff is entitled to recover to the extent the slave is impaired in value by the disease existing at the time of the purchase. Hogan v. Thorington, 8 Porter, 428 ; Kornegay v. White, 10 Ala. Rep. 255; Marshall v. Gantt, 15 ib. 686. There is no evidence of a cure being subsequently effected.

4. A warranty of soundness covers all diseases which affect the value of the thing warranted, and it was not incumbent upon Wood therefore to prove that the slave, at the time of the sale, was affected with the particular disease Amenorrhœa. The declaration alleges no particular disease.—Kornegay v. White, 10 Ala. Rep. 255.

CHILTON, J.—1. There can be no question but that the warranty was broken, if the property at the time of the sale, was unsound, and any damage which was the proximate result of such unsoundness was properly recoverable by the plaintiff in the court below. If the disease with which the slave was afflicted at the time of the sale, rendered her less valuable than she would have been if sound, the plaintiff below had the right to recover to the extent of the damage he sustained in consequence of such unsoundness, whether she recovered from such uasoundness or not. But he could not recover for unsoundness occuring subsequent to the sale, and which was not connected with, and did not result from the former disease existing at the time the sale was made.—Marshall v. Gantt, 15 Ala. Rep. 686–688, and authorities there cited. It was not necessary in order to entitle the plaintiff to recover, that he should have proved that the disease with which the slave was affected at the time of the warranty, was of a permanent character; any unsoundness, lessening her value and depriving the party of her services, or putting him to trouble or expense in effecting a cure, will sustain the suit.

Chitty on Con. 138; 10 Ala. Rep. 255. There was then no error in the first charge given by the court in lieu of the charge refused, nor in the refusal to give the charge first prayed for by the counsel for the defendant below.

2. It is not necessary for the vendee to return the property or offer so to do, but he may keep it in its unsound condition and rely upon the vendor's warranty. The offer therefore of the ven- dor to take the slave back and refund the purchase money in fu- ture, securing it by note with good security and paying the costs, expenses, &c., was properly excluded as evidence, since it was an offer the plaintiff below was not bound to accept, and re- fused to accept. That he said he would consult his counsel, and notify the vendor whether he would accept his proposi- tion or not, before he instituted suit, but which notice he failed to give, did not deprive him of his action on the warranty. Such undertaking did not amount to a release or discharge of the vendor's liability, especially as it is not shown he was placed in any worse condition on account of the want of such notice. This view disposes of the exclusion of the evi- dence of tender, and the second charge asked to be given in behalf of the defendant below.

3. The court was requested to charge the jury that if they should believe there was a breach of warranty, the measure of damages was the difference between the true value of the slave at the time of the sale, and the value as estimated by the parties in the trade, together with the necessary expense and loss of hire up to the time the vendor offered to rescind. The court refused this, and charged that the measure of damages was the difference in value between the slaves as they actually were and as they were represented to be—perfectly sound, adding the loss of hire and expense of physician's bills up to the time of the offer to rescind. We cannot readily perceive how the court could make the offer to rescind terminate the right of the plaintiff to recover for the loss of hire, since the evidence of such offer was excluded from the jury with instructions that they should not regard it for any pur- pose. But as the charge asked, to which this is a response, and in reference to which this must be construed, fixed upon that time for terminating the right to recover for the loss of the hire, and as the defendant was not injured thereby, if oth-

Marshall v. Wood.

wise correct, we should not feel authorised to reverse for that reason. Does the charge assert a correct legal proposition? As to this point I am disposed to follow the rule laid down by this court in its previous adjudications in cases similar to this, and to hold, the true rule to be, the difference between the actual value, and the value the article would have possessed if it had conformed to the warranty—holding the price paid as evidence of that value.—Kornegay v. White, 10 Ala. Rep. 255; see also Willis, et al. v. Dudley, 10 ib. 933; Clare v. Maynard, 7 Car. & Payne, 741; (S. C. 32 Eng. C. L. Rep. 713); Sedgwick on the Meas. of Dam. 290, et seq., and authorities there cited. True, under a state of facts entirely different from that in the case before us, in the case of Hogan v. Thorington, 8 Porter's Rep. 428, the charge given by the Circuit Court was almost identical with the charge here given, except interest instead of the loss of hire was added. The charge was, "that the true measure of damages was the difference between the real value of the slave at the time of the warranty, and what would have been her value if sound, with interest thereon." But it was said by the Chief Justice, in delivering the opinion, that "both reason and authority would graduate the defendant's recovery by the injury he has suffered in consequence of the false warranty;" and it was held, that although the slave at the time she was warranted, was unsound, yet if the only inconvenience attendant upon such unsoundness was the expense and trouble incured by the defendant in curing her, he was only entitled to recover for such expense, &c. It is manifest that in the case cited, where the party had sold the property for more than it cost him, and the only damage he had sustained was the expense of curing her and loss of time &c., it was just that he should only be compensated for the loss he had sustained. But the case at bar does not come within the principle settled by that. Here the party retains the property, and so far as the proof discloses, no cure has been effected. It comes within the general law, as recognized and settled by the decisions in Kornegay v. White, 10 Ala. Rep. 255, and Marshall v. Gantt, supra.

In the first case it was held, that "the plaintiff was entitled to recover to the extent the slave was impaired in value by the disease existing at the time of the warranty, and money

necessarily paid to physicians in curing the disease may be considered by the jury," and further, " that in estimating the damages, the jury may allow interest on the difference between the real value of the slave at the time of the warranty, and his value if sound, according to the warranty, from the time of sale."—Voorhees, et al. v. Earl, 2 Hill's Rep. 288; Cary v. Graman, 4 ib. 225; Sedgwick on Dam. 290–1–2; Story on Con. § 552; Cozzins v. Whitaker, 3 Stew. & Porter's Rep. 330. But the charge in this case, did not adopt the rule above laid down, so far as respects the interest on the difference in the value, but instructed the jury to enquire into the loss of hire. This would be to make the defendant compensate, not for the injury sustained, but for the probable profits which the plaintiff had lost by reason of the false warranty. Such a rule would be too uncertain in its application, and introduce too much confusion to justify its adoption, whereas interest upon the difference recognizes a fixed and stable rule, and one easy of application.

For this error, the judgment must be reversed and the cause remanded.