## BUFORD vs. GOULD.

<div style="float:right">35 265<br/>143 528</div>

[ACTION FOR BREACH OF WARRANTY OF SOUNDNESS OF SLAVE.]

1. *Presumption of injury from error.*—Injury will be presumed, on error, from the erroneous refusal of the primary court to suppress a deposition, unless the record affirmatively shows that the deposition was not read to the jury, or otherwise repels the presumption of injury.

2. *Sufficiency of commissioner's certificate to deposition.*—Under the provisions of the Code, (§§ 2322–23,) the failure of the commissioner to certify that he has personal knowledge of the identity of the witness, or that proof of such identity was made before him, is good cause for the suppression of the deposition.

3. *Measure of damages for breach of warranty of soundness.*—In an action to recover damages for a breach of warranty of the soundness of a slave, the measure of damages is, at least, the difference between the actual value of the slave

18

at the time of the sale, and what would have been his value if sound, together with interest on this difference, from the time of the sale, up to the time of the trial ; and, if the plaintiff has incurred, in consequence of such unsoundness, any expenses for necessary medical aid and attention to the slave, he may also recover the amount of such expenses.

4. *What constitutes breach of warranty of soundness.*—If the plaintiff's evidence establishes unsoundness at the time of the sale, and a consequent diminution of the value of the slave, he is entitled to recover for a breach of the warranty of soundness, without proving that the disease under which the slave was laboring several months after the sale, was the same disease with which he was afflicted at the time of the sale.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Horatio N. Gould, against Thomas Buford, to recover damages for a breach of warranty of the soundness of a slave, named Sarah, sold by defendant to plaintiff on the 31st August, 1857. The only plea was the general issue, "with leave to give any special matter in evidence." Before entering on the trial, as the bill of exceptions shows, the defendant moved the court to suppress the depositions of J. R. Weatherly, Thomas Foster, and L. M. Foster, which had been taken by the plaintiff, "on the ground that the certificate of the commissioner, appended to said depositions, was not in pursuance to the laws of Alabama." The material portion of the commissioner's certificate was in these words : "I, James Graham," &c., "do hereby certify, that the examination of the said J. R. Weatherly, Thomas Foster, and L. M. Foster, respectively, was taken, reduced to writing, and subscribed and sworn to by said witnesses, on this 13th April, 1858. In faith whereof," &c. The depositions nowhere showed that the commissioner had personal knowledge of the identity of the witnesses, or that proof of their identity was made before him. "The court decided, that said depositions should not be suppressed, but might be read in evidence on the trial of the cause; to which the defendant excepted. The trial of the cause then proceeded. The plaintiff first read in evidence his bill of sale of the slave," which was in the usual form, and contained an express warranty of sound-

Buford v. Gould.

ness; "and then introduced evidence tending to show, that said slave was unsound at the time of the sale; that he had incurred expenses for medical aid to her after the sale, and that she was examined by physicians about seven months after the sale."

"The court instructed the jury, among other things, as follows: 'That the first question to be determined by them was, whether or not the slave was sound at the time of the sale; that if the slave was then sound, the plaintiff could not recover, but, if the slave was unsound at the time, the plaintiff was entitled to recover; that if they found the plaintiff entitled to recover, he would be entitled to recover, at least, the difference between the actual value of the slave at the time of the sale, and what would have been her value if then sound, together with interest on such difference up to the time of the trial; and further, that if the slave was diseased at the time of the sale, and the plaintiff was necessarily put to the expense of medical aid for her in consequence of such disease, he would also be entitled to recover the amount of the expenses so incurred.' The defendant then requested the court to charge the jury, ' that the measure of damages in this action would be the difference between the actual value of the slave at the time of the sale, and what would have been her value if sound, together with interest on that amount from the time of the sale.' The court refused to give this charge, without qualification, and the defendant excepted. The defendant also requested the court to instruct the jury, ' that to enable the jury to ascertain that there was a disease existing in the system of the slave at the time of the sale, they must be satisfied that the same disease which existed at the time of the examination by the physicians, seven months after the sale, also existed at the time of the sale, or the consequences of such disease.' This charge the court also refused to give, and the defendant excepted."

The overruling of the motion to suppress the depositions, and the refusal of the charges asked, are now assigned as error.

CHAMBERLAIN & HALL, for appellant.

GEO. N. STEWART, *contra.*

STONE, J.—The rule is settled in this State, that if the presiding judge rule erroneously, injury will be presumed, unless the bill of exceptions affirmatively shows that such error did in fact work no injury in the particular case.—Shep. Dig. 568, § 83. If the circuit court erroneously refused to suppress the depositions of Dr. Weatherly and the two Fosters, there is nothing in this record which repels the idea of injury, or shows that the depositions were not relied on and read to the jury.—McCargo v. Crutcher, 27 Ala. 171; Donnell v. Jones, 17 Ala. 680; Shep. Dig. 568, §§ 87–8.

[2.] The depositions above stated, of Weatherly and the Fosters, should have been suppressed, because the commissioner. did not certify to his knowledge of, or proof made of, the personal identity of the witnesses. Code, § 2323; Thrasher v. Ingram, 32 Ala. 645.

[3.] The measure of damages, as given in charge by the court to the jury, is strictly in accordance with the decisions of this court; and there was no error in giving the affirmative charge, or in refusing to give, without qualification, the charge asked by the defendant.—Stoudenmeier v. Williamson, 29 Ala. 558; Marshall v. Wood, 16 Ala. 806.

[4.] It was certainly not essential to the plaintiff's right to recover, that the slave should have been, some months after the sale, laboring under the same disease with which she was afflicted at the time of the sale. Unsoundness at the time of the sale, and a diminution of her value as the result of that unsoundness, would amount to a breach of the defendant's warranty, and entitle the plaintiff to a recovery.

For the error in refusing to suppress the depositions, the judgment of the circuit court is reversed, and the cause remanded.