# Brown *v.* Freeman & Bynum.

*Action on Note given on Purchase of Patented Churn-Dasher.*

1. *Fraud in sale of chattels.*—On a sale of chattels, a misrepresentation of a material fact by the vendor, on which the purchaser has a right to rely, and on which he does in fact rely, as an inducement to the contract, is a fraud, and is available as a defense to an action for the purchase-money, or a separate cause of action in favor of the purchaser.

2. *Same; matters of opinion.*—A representation which is in the nature of an expressed opinion, does not constitute a fraud, unless it was knowingly false, made with intent to deceive, and accepted and relied on as true; and when made under these circumstances, it may often constitute a warranty.

3. *Same; question for jury.*—Whether the representation was intended as the statement of a fact, or as the mere expression of an opinion, is a question for the determination of the jury, when it does not involve the construction of a written instrument.

4. *Patent defects; examination by purchaser.*—Representations and warranties do not cover patent defects, such as are external and obvious on casual inspection; yet, except as to such defects. the purchaser may rely on the warranty, and is not bound to make any examination.

5. *Offer to restore or rescind.*—Before the purchaser can defeat an action for the price, in the absence of fraud or a warranty, he must offer to restore the goods; but he may set up, in defense of such action, fraud or want of consideration, without offering to restore the goods, or to rescind the contract.

[Brown v. Freeman & Bynum.]

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JAMES E. COBB.

This action was brought by Freeman & Bynum, suing as late partners, against Lewis G. Brown and Preston Brown; was commenced on the 6th May, 1881, and was founded on the defendants' written obligation, or note under seal, in these words: "Twelve months after date, we, or either of us, promise to pay to S. B. Donaldson & P. G. McClure the sum of two hundred and fifty dollars, for value received of them in territory in the *Gibbs Patent Eureka Churn-dasher;* the said Donaldson & McClure agreeing to take stock, should we desire to put it in as payment on this note, at prices usually paid when paid in trade. Witness our hands and seals, this 29th June, 1879." The plaintiffs sued as the assignees of this writing. The defendants pleaded, in short by consent, want of consideration, failure of consideration, and fraud and misrepresentation;" also, a special plea which set out in full the facts relied on as a defense, growing out of the defendants' purchase of the right to sell the patented churn-dasher in certain counties in Tennessee, the representations of said Donaldson and McClure as to the capacity and usefulness of the dasher, the falsity of these representations, and consequent failure and want of consideration; and another special plea of set-off, or recoupment of damages, on account of the defendants' loss of time, travelling expenses, and other moneys paid out in attempting to sell the dasher within the limits of the designated territory. Issue was joined on all of these pleas.

On the trial, the defendants reserved a bill of exceptions, which purports to set out all the evidence adduced; but it is unnecessary to state the evidence, as the only matters assigned as error in this court are certain charges given by the court at the instance of the plaintiffs, and the refusal of certain charges asked by the defendants.

The charges given at the instance of the plaintiffs were these: (1.) "If the jury believe, from the evidence, that Donaldson had with him, at the time of the execution by the defendants of the obligation sued on, a churn and dasher of the patent named, and that the defendants had an opportunity of testing by experiment the truth of any representations said .to have been made by Donaldson at the time; then the jury should look to this circumstance, in connection with all the evidence in the case, in determining the character of such representations by Donaldson." (2.) "In determining whether the territory sold to Brown, and retained by him, is valuable or not, the jury may, in conjunction with all the evidence, look to the fact, if it be a fact, that the witness Keith readily sold twenty-two counties in Texas." (3.) "All that is required to make

an invention useful, under the patent laws, is, that it should be capable of being applied to some practical and beneficial purpose, and not be frivolous, or injurious to the well-being or morals of society; and if it is useful in this sense, the degree of utility, or practical value, does not affect the validity of the patent." (4.) "In determining and weighing the inducement and representations of Donaldson, the jury may, in conjunction with all the evidence, look to the testimony of Donaldson, and the corroborating evidence of Keith, if there be such evidence, that butter could be made in between three and five minutes."

The defendants asked the following charges in writing:

"1. If Donaldson, at the time of the sale, represented to Brown that the churn-dasher had the capacity to produce butter in from three to five minutes, Brown had the right to rely on these representations; and if he did rely on them, and the representations were untrue, he was not under any obligation to test the dasher, and ascertain whether it had that capacity or not; that, the representations not being true, Brown was not under the duty of offering to return the interest sold him, nor of offering to rescind the contract of sale; that the failure to offer to return, or to rescind, will only render the defendants liable for the value of the interest sold; and if that is shown to be valueless, there can be no recovery.

"2. If the jury are satisfied, from the evidence, that the consideration of the note sued on was the sale of the right to sell, in certain counties in Tennessee, a churn-dasher sold by Donaldson to Lewis G. Brown as patented as described; and that Brown was induced to make the purchase, and to execute said note, by Donaldson's representations that the dasher would produce butter in from three to five minutes, and this representation was untrue; then there can be no recovery, beyond the value of the right sold; and if the right be valueless, there can be no recovery.

"3. The defendants were not under any obligation to offer to rescind the contract, or to return to their vendor the thing purchased, if the contract of purchase was induced by Donaldson's misrepresentations; that the only consequence of the failure to offer to rescind, or to return the thing purchased, is to render the defendants liable for the value of the thing purchased; and if it is not shown to have been of any value, there can be no recovery."

The court refused each of these charges as asked, and the defendants excepted to their refusal, as also to the several charges given at the instance of the plaintiffs; and they here assign these rulings as error.

R. C. BRICKELL, and J. E. BROWN, for the appellants, cited

*Munroe v. Pritchett*, 16 Ala. 785; s. c., 22 Ala. 501; *Atwood v. Wright*, 29 Ala. 346; *Blackman v. Johnson*, 35 Ala. 252; *Sledge v. Scott*, 56 Ala. 202; *Perry v. Johnson*, 59 Ala. 648; *Nelson v. Wood*, 62 Ala. 175; *Tabor v. Peters*, 74 Ala. 90; Benjamin on Sales, §§ 898, 429, note; *Kornegay v. White*, 10 Ala. 933; *Milton v. Rowland*, 11 Ala. 732; *Marshall v. Wood*, 16 Ala. 812; *Jemison v. Woodruff*, 34 Ala. 143; *Holbrook v. Burt*, 22 Pick. 546.

HUMES, GORDON & SHEFFEY, and R. C. HUNT, *contra*, cited *Crown v. Carriger*, 66 Ala. 590; *Barnett v. Stanton*, 2 Ala. 188; *Collins v. Jackson*, 54 Mich. 186; *Reynolds v. Palmer*, 21 Fed. Rep. 433; *Holden v. Dakin*, 4 Johns. 421; *Thompson v. Ashton*, 14 Johns. 316; *Hurt v. Wright*, 17 Wend. 267; *Salisbury v. Stainer*, 19 Wend. 159; *Hyatt v. Boyle*, 5 Gill & J. 110; 8 Blackf. 516; *Barnard v. Kellogg*, 10 Wall. 383; *Hight v. Bacon*, 126 Mass. 10; *Davis v. Betz*, 66 Ala. 208; *Nash v. Lull*, 102 Mass. 62.

SOMERVILLE, J.—If a vendor of chattels misrepresents a material *fact*, at the time of, or pending the negotiation for the sale, on which the purchaser has the right to rely, and in fact relies as an inducement to the trade, this is a fraud, which will furnish a ground of defense to an action for the purchase-money, or even a cause of action in favor of the purchaser, as the case may be.—*Tabor v. Peters*, 74 Ala. 90; *Sledge v. Scott*, 56 Ala. 202; Benj. on Sales, 3d Ed., § 454.

To constitute a representation which is in the nature of an expressed *opinion*, a ground of fraud, it must be shown to have been knowingly false, made with intent to deceive, and to have been accepted and relied on as true. Under these circumstances, a mere opinion may often also constitute a warranty.— *Wilcox v. Henderson*, 64 Ala. 535; *Tabor v. Peters, supra;* 1 Whar. Contr. § 259.

Where the matter affirmed is one of fact, as contradistinguished from mere opinion, it may constitute a fraud, although the vendor at the time had no knowledge of its falsity. The gist of the liability is, that he has affirmed as fact what he did not know to be true, and he or another has thereby profited by it, to the prejudice of one whom he has deceived.—*Perry v. Johnson*, 59 Ala. 648; *Blackman v. Johnson*, 35 Ala. 252; *Munroe v. Pritchett*, 16 Ala. 785. As observed by Mr. Parsons, "material misrepresentations, which go to the substance of a contract, avoid that contract, whether they are caused by mistake, and occur wholly without fault, or are designed and fraudulent."—2 Parsons Contr. *786.

It is often a matter of difficulty, to decide whether a repre-

[Brown v. Freeman & Bynum.]

sentation is intended as the statement of a fact, or of an opinion. This subject is fully discussed in the case of *Tabor v. Peters*, 74 Ala. 90, 96, and we need not add any thing at length to what is said there. When the question is one of doubt, and does not involve the construction of a written instrument, it should always be referred to the jury for their determination; the proper inquiry being, in what sense the assertion was intended and mutually understood.—*Bradford v. Bush*, 10 Ala. 386; *Ricks v. Dillahunty*, 8 Port. 134; *Sledge v. Scott*, 56 Ala. 202; 2 Add. on Contr. (Amer. Ed.), § 625, *note* 1; Story on Contr. § 511.

While it is true, as said in *Tabor v. Peters, supra*, that warranties and representations are never construed to cover defects which, being external and visible, are obvious to the purchaser upon casual inspection with the eye, or, as described by Mr. Addison, "those manifest and visible defects which were obvious to all observers;" yet, with the exception of such defects, where a warranty is given, the purchaser may rely on the positive representation or assurance embodied in it, and is not bound to make an examination, or even to prosecute any further inquiry on this particular subject.—2 Add. Contr. (Amer. Ed.), § 628; Benj. on Sales, § 429, *note* c. The main purpose of a warranty is often to excuse examination, and render inquiry unnecessary; and it is only in the absence of such protection that these precautions are required.—*Tabor v. Peters*, 74 Ala. 90, 98, *supra*.

Where the defense of fraud, or want of consideration, is set up in a suit for the purchase-money, it is not necessary for the defendant to offer to rescind the contract of sale, or to return the thing purchased, before he can be permitted to give in evidence, in reduction of damages, a fraudulent representation made by the vendor, or a breach of warranty. Such is the modern, and, in our opinion, the better view, except where the subject of sale is real estate, when a different rule is held to prevail. The purchaser may elect to rescind within a reasonable time, and return the subject-matter of sale; or he may retain it, and avail himself of the damage he has suffered, either by bringing his cross-action for the fraud or breach of warranty, as the case may be, or, if he be sued for the purchase-money, may prove the real value of the thing purchased, and abate the recovery *pro tanto*. This is the later rule of the American courts, adopted to avoid an unnecessary circuity of action, although the English cases, no doubt, hold to the contrary doctrine.—2 Greenl. Ev., § 136; *Harrington v. Strathan*, 22 Pick. 510; *Hills v. Bannister*, 8 Cow. 32; Benj. on Sales, § 898; *Perry v. Johnson*, 59 Ala. 648; *Marshall v. Wood*, 16 Ala. 806; *Jemison v. Woodruff*, 34 Ala. 143. In the ab-

[Rose v. Gunn.]

sence of warranty or fraud, the buyer, of course, must offer to return goods, which are defective, or not conformable to order, or he will ordinarily be bound to pay for them the contract price.—*Gibson v. Bingham*, 5 Amer. Rep. 589.    In this State, as far back as 1831, it was held in *Peden v. Moore*, 1 Stew. & Port. 71, that whenever a defendant can maintain a cross action for damages, based on a partial failure of consideration in the goods purchased by him, this would be available as a defense, in reduction of the sum sought to be recovered.

The rulings of the court were clearly in conflict with one or more of the foregoing rules; and the judgment is reversed, and the cause remanded.