(94 South. 83)

### ALABAMA BROOM & MATTRESS CO. v. NASHVILLE BROOM & SUPPLY CO.
(8 Div. 389.)

(Supreme Court of Alabama. June 29, 1922. Rehearing Denied Oct. 12, 1922.)

1. Sales ⬅️166(1)—Purchaser not bound to accept when description not satisfied by commodity delivered.

When any commodity is sold by description, and the description is not substantially satisfied by the commodity delivered, the purchaser is not bound to accept.

2. Sales ⬅️288(2)—Purchaser accepting commodity not conforming to description does not waive right of action on warranty.

When any commodity is sold by description, and the description is not substantially satisfied by the commodity delivered, if purchaser accepts and uses it, he does not thereby waive the defect, but may treat it as a breach of warranty for which he may recover.

3. Sales ⬅️442(2)—Measure of damages for breach of warranty of description stated.

Where a commodity is sold by description, which is not satisfied by the commodity delivered, the measure of damages is the difference between the actual value and what the value would have been if the goods had been as warranted.

4. Sales ⬅️445(1)—Affirmative charge improperly given for defendant where evidence supported claim of plaintiff for breach of warranty.

In an action for breach of warranty of broom corn, where evidence tended to support plaintiff's claim and was sufficient to inform the jury as to the amount of recoverable damages, regardless of all other evidence, the affirmative charge was improperly given for defendant.

5. Sales ⬅️442(1), 445(1)—Plaintiff entitled to nominal damages where breach of warranty but not amount of damages proved; affirmative charge improperly given where plaintiff entitled to nominal damages.

In an action for breach of warranty of broom corn, even though insufficient data was given to estimate damages, plaintiff would be entitled to nominal damages if the evidence showing breach were believed by the jury; hence the affirmative charge was improperly given for defendant.

Appeal from Circuit Court, Madison County; Robert C. Bricken, Judge.

Action by the Alabama Broom & Mattress Company against the Nashville Broom & Supply Company for breach of warranty. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The action is in substance for a breach of warranty of a car of "self-working" broom corn, purchased by plaintiff from defendant, and paid for at the price of 18 cents a pound, or $3,215.28 for the car.

The allegation is that the car did not contain a car load of "self-working" broom corn, but only a small amount of that character of corn, and the claim made is for the difference in the market value of the kind of corn that plaintiff bought and the kind that was delivered to him.

According to the testimony of plaintiff's witnesses, this car of broom corn was bought with the stipulation that it should be equal in grade to a sample of broom corn sent to

plaintiff by defendant a short time previously; and they further testified that it was far inferior to the grade of that sample, which would have been worth about 21 cents a pound on the day of delivery, whereas the corn delivered was not worth over 8 or 10 cents a pound for the best of it. The evidence showed that the car contained 79 bales of corn, averaging 230 pounds each.

The evidence offered for defendant was to the effect that the sale was not according to any sample, but was of a "good medium grade" of self-working broom corn, and that the corn delivered fully met that description.

The trial judge gave for defendant the general affirmative charge with hypothesis, and there was a verdict for defendant and judgment accordingly.

David A. Grayson, of Huntsville, for appellant.

The general charge on the effect of the evidence cannot be given, where there is any conflict in the evidence as to any material point involved. 41 Ala. 510; 42 Ala. 230; Minor, 129; 1 Ala. 622; 10 Ala. 600; 11 Ala. 822; 35 Ala. 312, 73 Am. Dec. 491. A breach of warranty affords a valid ground against the seller for damages. 35 Cyc. 441; 16 Ala. App. 42, 75 South. 187. On measure of damages, see 138 Ala. 157, 35 South. 56; 62 Ala. 180, 34 Am. Rep. 4; 35 Ala. 265; 29 Ala. 558; 20 Ala. 172; 16 Ala. 806; 10 Ala. 255.

Cooper & Cooper, of Huntsville, for appellee.

In furnishing a sample, the vendor merely warrants that the bulk of the goods corresponds therewith. 72 Ala. 293; 114 Ala. 84, 21 South. 479, 62 Am. St. Rep. 88. A buyer, who inspects a shipment and then pays the draft drawn therefor, cannot recover what has thus been paid. 201 Ala. 79, 77 South. 373. There being no evidence showing what damage was suffered by plaintiff, the affirmative charge was correctly given for defendant. 118 Ala. 563, 23 South. 798; 35 Cyc. 224.

SOMERVILLE, J. [1, 2] When any commodity is sold by description, as shown in this case, and the description is not substantially satisfied by the commodity delivered, the purchaser is not bound to accept it. Elliott v. Howison, 146 Ala. 568, 40 South. 1018; H. I. & M. Works v. Bland, 167 Ala. 391, 52 South. 445; Penn v. Smith, 98 Ala. 560, 564, 12 South. 818. But, if he does accept and use it, he does not thereby waive the defect, but may nevertheless treat the defect as a breach of warranty for which he may recover appropriate damages. 35 Cyc. 430, 3, and cases cited in note 36; Kornegay v. White, 10 Ala. 255; Milton v. Rowland, 11 Ala. 732; Marshall v. Wood, 16 Ala. 806; Eason Drug Co. v. Montgomery Showcase Co., 186 Ala. 454, 65 South. 345; Stewart v. Riley, 189 Ala. 519, 66 South. 488.

[3] The general rule as to the measure of damages in such a case is that—

"The buyer is entitled to recover the difference between the actual value of the goods and what the value would have been if the goods had been as warranted." 35 Cyc. 468 (III), citing Kornegay v. White, 10 Ala. 255; Marshall v. Wood, 16 Ala. 806; Buford v. Gould, 35 Ala. 265; Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4; Bessemer, etc., Co. v. Brannen, 138 Ala. 157, 35 South. 56.

These values are to be estimated as of the time of the breach, which in a case like this would be the time of the delivery.

Manifestly the rules of law relating to implied warranties and attempted rescission after acceptance by the purchaser, as discussed in brief of counsel for appellee, have no application here, since none of those questions are presented.

[4] Plaintiff's evidence tended to support the claim made by its complaint, and it was sufficient to inform the jury as to the amount of its recoverable damages, regardless of all the other evidence before the court; and we see no escape from the conclusion that the affirmative charge was improperly given for defendant.

[5] And, even if no sufficient data were presented for the estimation of damages, plaintiff would still have been entitled to recover nominal damages if the evidence showing a breach were believed by the jury.

Several other questions are presented by the assignments of error, which may not recur on another trial, and their decision will therefore be pretermitted.

For the error noted the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.