**NASHVILLE BROOM & SUPPLY CO. v. ALABAMA BROOM & MATTRESS CO. (8 Div. 596.)**

(Supreme Court of Alabama. April 24, 1924.)

1. **Appeal and error** ⇐⇒1050(1)—Overruling objection to evidence as conclusion held not improper in view of opportunity of opposite party to develop facts.

Objection to evidence concerning broom corn "that about half of the car was absolutely worthless suckers" as a conclusion of witness *held* not improperly overruled, where opposite party had full opportunity on cross-examination, and availed himself of it, to inquire into facts.

2. **Appeal and error** ⇐⇒1058(1)—Exclusion of evidence cured by admission of similar evidence.

Exclusion of testimony of a witness was cured by other testimony of such witness and another to substantially the same effect.

3. **Sales** ⇐⇒288(2) — Purchaser may retain goods and sue for breach of warranty.

Purchaser may retain goods and sue for damages suffered by breach of warranty.

4. **Sales** ⇐⇒442(2)—Measure of damages for breach of warranty stated.

For breach of warranty, buyer is entitled to recover difference between actual market value of property delivered and what actual market value would have been if it had been as warranted.

5. **Trial** ⇐⇒192—Instruction assuming undisputed fact not erroneous.

Instruction assuming undisputed fact is not erroneous.

6. **Sales** ⇐⇒446(3)—Instruction on damages for breach of warranty held properly refused.

Instruction as to damages for breach of warranty *held* properly refused as calculated to mislead by requiring plaintiff to make proof of amount of damages by figures.

7. **Trial** ⇐⇒228(3)—Instruction properly refused as containing ellipsis.

Instruction stating "in the event the jury find the evidence" *held* properly refused because of omission of "from."

---

⇐⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 19 Ala. App. 534.

**8. Trial ⊕⟝260(1) — Requested instruction substantially covered properly refused.**

Requested instruction substantially and fairly covered by general charge, was properly refused, in view of Code 1907, § 5364, as amended Acts 1915, p. 815.

**9. Trial ⊕⟝240, 248, 253(6)—Requested instruction held properly refused as argumentative, abstract, and as omitting consideration of evidence.**

Requested instruction that in absence of warranty, plaintiffs were liable for goods delivered when payment was made, was properly refused as being argumentative, abstract and leaving out "if the jury believe from the evidence" or "find from the evidence."

**10. Appeal and error ⊕⟝1064(1)—Trial ⊕⟝240, 242—Instruction on burden of proof held argumentative and confused, but not prejudicial.**

Instruction, "Plaintiffs have the burden of proof to meet, but the burden is not determined by the number of witnesses swearing to a fact, but by witness or witnesses the jury becomes convinced are telling the truth," was confused and argumentative, but was not reversible error.

Appeal from Circuit Court, Madison County; Jas. E. Horton, Judge.

Action for damages for breach of warranty by the Alabama Broom & Mattress Company against the Nashville Broom & Supply Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 208 Ala. 222, 94 South. 83.

These charges were given at plaintiff's request:

"(1) In this case, if the jury believes from the evidence that the defendants breached their warranty as claimed by plaintiffs, the plaintiffs are entitled to recover the difference in the actual market value of the goods actually delivered at the time and place of delivery and the market value of what the goods should have been at the time and place of delivery.

"(2) When any commodity is sold by description as shown in this case, and the description is not substantially satisfied by the commodity delivered, the purchaser is not bound to accept it. But if he does accept and use it he does not thereby waive the defect, but may nevertheless treat the defect as a breach of warranty for which he may recover appropriate damages.

"(3) The plaintiffs have the burden of proof to meet, but the burden is not determined by the number of witnesses swearing to a fact, but by the witness or witnesses the jury becomes convinced are telling the truth.

"(4) If defendants warranted the carload of broom corn to be equal to the sample which they had furnished plaintiffs, and the broom corn delivered was not equal to the sample, plaintiffs had a right to use up the corn and sue for the damages they sustained by the defendant sending inferior broom corn, the damages under the complaint to be measured by the difference in the market value of the broom corn which they should have delivered on the date of delivery and the market value of the broom corn they did deliver on the said date of delivery.

"(5) If the jury believes from the evidence that defendants agreed to deliver to plaintiffs f. o. b. cars at Huntsville, Ala., a car of a 'good grade of self-working broom corn' at 18 cents per pound, and the car of broom corn delivered was not a 'good grade of self-working broom corn,' plaintiffs would be entitled to recover the difference in the market value of the broom corn that was delivered and the market value of a good grade of self-working broom corn at the time and place of delivery.

"(6) If the jury believes from the evidence that the plaintiffs' contract with the defendant was for a carload of good grade self-working broom corn equal to a sample defendant had previously sent to plaintiff, and the jury further believes from the evidence that the car of broom corn delivered was inferior to one represented by the said sample, then plaintiffs would be entitled to recover of defendants the difference in the market value of broom corn like the sample in a carload lot and the value of the broom corn actually delivered.

"(7) If the broom corn which plaintiffs received was not substantially like the broom corn that defendants agreed to sell, plaintiffs would be entitled to recover the difference in the market value of the corn received at time of delivery and the value of the broom corn plaintiffs bought (after the rise in price, if it did rise) on the date of delivery."

The following requested instructions were refused to defendant:

"(8) If the jury find from the evidence that there was a breach of the contract on the part of the defendants by reason of a warranty, the measure of damages would be the difference between the price paid and the value of the corn at the time of the delivery of same; if the market price had increased between the date of the sale and the date of delivery in a sum equal to or greater than the difference between the price paid and the market price, the verdict of the jury should not be for the plaintiffs.

"(9) There is no implied warranty in the sale of self-working broom corn by the seller or dealer, who is not shown to have manufactured it that it was reasonably well adapted for the purpose for which it was purchased, but in a sale like that of any other merchant the seller must act in good faith and fair dealing.

"(10) In the event the jury find the evidence that there was a breach of the contract by reason of a warranty, the plaintiffs must reasonably satisfy the jury as to the amount of such damages by figures upon which the jury can intelligently determine such damages.

"(11) In the absence of a warranty as to the quality of the self-working broom corn the plaintiffs were liable to the defendants for the broom corn delivered when the payment was made."

Cooper & Cooper, of Huntsville, for appellant.

In the absence of a definite description or a sample, if there was a warranty, it was not expressed, and only implied. Gachet

v. Warren, 72 Ala. 293; McCaa v. Elam Drug Co., 114 Ala. 84, 21 South. 479, 62 Am. St. Rep. 88; Wilcox v. Henderson, 64 Ala. 542; Farrow v. Andrews, 69 Ala. 96; In re Bailey Gro. Co., 201 Ala. 79, 77 South. 373. Appellee having used the broom corn cannot say it did accept it. Ala. B. & M. Co. v. Nashville B. & S. Co., 208 Ala. 223, 94 South 83; 35 Cyc. 224. Charge 10 should have been given. Moore v. Barber Asph. Co., 118 Ala. 563, 23 South. 798.

David A. Grayson, of Huntsville, for appellee.

The charges given were correct statements of the law. Ala. Broom & M. Co. v. Nashville B. & S. Co., 208 Ala. 222, 94 South. 83.

MILLER, J. This is a suit by the Alabama Broom & Mattress Company against the Nashville Broom & Supply Company, a partnership, for damages for breach of a contract of warranty of a carload of "self-working broom corn," sold by the defendant to the plaintiff at 18 cents per pound, for which plaintiff paid the defendant.

There are eight counts in the complaint. Some are the common counts; others are based on breach of warranty in contract of sale of a car of "self-working broom corn"; and others are based on breach of a warranty in contract of sale of a car of self-working broom corn sold to plaintiff by sample. The defendant pleaded general issue with leave to give in evidence any matter which would be an answer or in bar thereof, if the same was specially and properly pleaded. The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court against the defendant this appeal is prosecuted by the defendant.

This is the second appeal in this case. 208 Ala. 222, 94 South. 83. The averments of the complaint, the tendency of the evidence for plaintiff and defendant, appear in the report of the case, and they are similar in many respects on this trial, and need not be repeated in detail in this opinion. There were 79 bales of broom corn in the car. The plaintiff claimed and the evidence tended to show that plaintiff purchased a car of self-working broom corn at 18 cents per pound, f. o. b. cars at Huntsville, Ala., from defendant by sample previously sent by defendant to plaintiff; that practically one-half of the broom corn received by plaintiff was inferior to the sample, and was worth only 8 or 10 cents per pound, and the balance was suckers and of no value; it was not self-working broom corn. The car of broom corn was purchased with the understanding that it should equal in grade the sample furnished. The value of the grade of broom corn purchased at the time of delivery was from 18 to 20 or 21 cents per pound at Huntsville, and the sample furnished was self-working broom corn. The evidence of the defendant tended to show they sold plaintiff a car of broom corn to be of "good medium grade of self-working broom corn" at 18 cents per pound delivered at Huntsville; the corn delivered complied fully with that description; the same was not made from or according to any sample; and the value of the broom corn sold to plaintiff was 18 cents per pound at Huntsville at the time of the delivery. The evidence for plaintiff tended to show the broom corn received by him from defendant was not a "good medium grade of self-working broom corn."

R. H. Canterberry, a witness for the plaintiff testified:

"The kind of corn we bought was a good grade and self-working broom corn, plenty of length, to make nice size brooms, average house brooms. The kind we got was—well, about half the car was absolutely worthless suckers."

[1] The court overruled defendant's objection to the statement of the witness "that about half of the car was absolutely worthless suckers," because it was a conclusion of the witness. This was on direct examination of the witness by plaintiff. The court did not err in this ruling, as the defendants had full opportunity on cross-examination to inquire into the facts in regard to the condition of the broom corn, which they did. This witness on cross-examination stated:

"That 40 bales was [were] practically self-working broom corn, but it was not self-working. * * * I did not use the balance of the seventy-nine bales. It was short, trashy stuff we couldn't work, and just threw it away."

[2] Thomas G. Hill, witness for the defendants, testified:

"Mr. Furstenberg and myself selected each bale which was removed by the truckman."

The plaintiff moved to exclude the statement about Mr. Furstenberg; the court granted the motion, and the defendants duly excepted. This error, if any, was fully cured by other testimony of this witness, and testimony of Mr. Furstenberg. This witness testified:

"I selected the broom corn shipped so that it would be a car of self-working broom corn. I loaded 79 bales in the car, and selected them from a round lot of 400 bales that I had stored in this warehouse."

And Mr. Furstenberg testified for defendants that—

"We loaded the car at our warehouse in the city of St. Louis. * * * Mr. Thomas G. Hill personally selected the broom corn with which we loaded the car. * * * Mr. Hill personally came here and I went up in our warehouse with him and was with him while he selected the carload of corn."

In Penn & Montgomery v. Smith, 98 Ala. 564, 12 South. 818, this court wrote:

"It is a familiar principle that when goods are sold by sample there is an implied war-

ranty by the seller that the bulk of the commodity is equal in quality to the sample exhibited to the buyer; and if they do not correspond the purchaser may refuse to receive it."

[3] The purchaser may retain the goods and sue for the damage suffered by breach of the warranty. Brown v. Freeman, 79 Ala. 406; Alabama Broom, etc., Co. v. Nashville Broom, etc., Co., 208 Ala. 222, 94 South. 83, and authorities there cited. See, also, Starr Jobbing House v. May Hosiery Mills, 207 Ala. 620, 93 South. 572. This principle was fully discussed and the rule declared in Magee v. Billingsley, 3 Ala. 679, headnote 4.

This court on the former appeal of this cause stated the rule as to the measure of damages. It was as follows:

" 'The buyer is entitled to recover the difference between the actual value of the goods and what the value would have been if the goods had been as warranted.' 35 Cyc. p. 468 (III)."

[4] The plaintiff is entitled to recover the difference between the actual market value of the broom corn delivered, at the time and place of delivery, and what the actual market value of the broom corn would have been, at the time and place of delivery, if it had been as warranted. Zimmern v. Southern Ry. Co., 207 Ala. 169 (headnote 2) 92 South. 437; Southern Ry. Co. v. N. W. Fruit Exch., 210 Ala. 519, 98 South. 382 (headnotes 14, 15).

Written charges numbered 1, 2, 4, 5, 6, and 7, separately requested by the plaintiff and separately given by the court, are each in harmony with these principles, and they were properly given by the court. Written charges 8 and 9, separately requested by the defendant, and separately refused by the court, are not in accord with these principles, and the court properly refused them.

[5] The appellant insists charge 2 should have been refused because it states and assumes the broom corn was sold by description. It states, "when any commodity is sold by description as shown in this case." This did not render the charge erroneous because the undisputed evidence shows it was sold by "description." The charge follows the very language of the opinion in this case on former appeal. The plaintiff's evidence tended to show it was sold by description in the form and shape of a sample, and the goods delivered did not measure up substantially to the sample, while the evidence for the defendant tended to show it was sold by "description," and the description was that it was to be a "good medium grade of self-working broom corn" or a "good grade of self-working broom corn," and the broom corn delivered measured up substantially to this description, and the evidence of the plaintiff tended to show the broom corn delivered did not measure up substantially to that description.

[6-8] Written charge 10, requested by defendants, was properly refused by the court because it was calculated to mislead the jury by requiring plaintiff to make proof of "the amount of such damages by figures, and it contains an ellipsis. It states, "In the event the jury find the evidence." It leaves out the word "from" after the word "find." The same rule of law attempted to be set out in this charge was substantially and fairly given to the jury in the court's general charge. Section 5364, as amended, Acts 1915, p. 815.

[9] The court did not err in refusing written charge No. 11, requested by the defendants. It is argumentative, abstract, and leaves out, "if the jury believe from the evidence," or "find from the evidence." 12 Michie, Dig. p. 481, § 199.

[10] Written charge No. 3, given by the court at the request of plaintiff, is confused and argumentative, and could have been refused, but the giving of it was not reversible error.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.