# Furman Farm Improvement Co. v. Long.

*Action upon a Note.*

1. *Sale of fertilizer; incorrect statement of place of manufacture.* Where, in a statement filed by the seller of fertilizer with the Commissioner of Agriculture, as required by the statute (Code of 1886, § 142; Code of 1896, § 390), the place of manufacture of such fertilizer is designated as being at a certain city, while as a matter of fact it is at a different, distinct and separate incorporated municipality, such statement is insufficient to authorize the sale of the fertilizer, even though the principal office of the manufacturer was at the place designated in the statement; and a note given in payment of such fertilizer sold in this State, is void and can not be enforced.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.

The appellant brought the present action against the appellee and counted in the complaint upon a bond executed by the defendant to him for the purchase price of fertilizer. The defense interposed is sufficiently stated in the opinion.

The bill of exceptions recites·: "The· evidence without conflict showed that the place of manufacturing said fertilizer was East Point, Ga.; that the plaintiff had its office for its business in Atlanta, Georgia, and that plaintiff was a corporation organized under the laws of

the State of Georgia. On this evidence without more, the court held that the statement that the place of manufacturing said fertilizer was Atlanta, Georgia, was not a sufficient compliance with the statute (Code, § 142), and to this ruling of the court the plaintiff excepted. Evidence was thereupon introduced as to the location of said East Point, Ga., from which it appeared it was six or seven miles from Atlanta, Ga.; that it was not in the incorporated limits of Atlanta; that it was a separate municipality from Atlanta; that said East Point was incorporated and had its own municipal government and post-office; that it was connected with Atlanta by railroad; and that the country between it and Atlanta was built up nearly all the way. This was all the evidence, and the court thereupon, without objection, submitted to the jury upon all the evidence, whether East Point and Atlanta were the same place, and if they so found to return a verdict for the plaintiff and assess his damages at the amount of the note and interest thereon to the trial; but if they did not so find, to return a verdict for the defendant.".

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the ruling of the court upon the sufficiency of the statement offered in evidence as to the place of manufacture of the fertilizer.

O. D. STREET, for appellant.—The situs, the residence, the place where in legal contemplation all the operations of a corporation are carried on, is its business office. Being incorporeal it is incapable of having any actual situs, and consequently reference must necessarily be had to the location of the office from which all its affairs are directed and managed. This office of plaintiff was in Atlanta, Ga., and hence there was a technical and literal compliance with the statute.—21 Am. & Eng. Encyc. of Law, p. 124 and note; 4 Am. & Eng. Encyc. of Law, p. 206 and note.

LUSK & BELL, contra.

COLEMAN, J.—Appellant sued the appellee upon his bond, to recover for the sale of commercial fertilizer. The defendant pleaded in defense a non-compliance with

[Sloan, Admr. v. Wilson.]

sub-division one (1) of section 142 of the Code of 1886, (Code of 1896, § 390), in so far as that section requires the seller of fertilizers to submit to the commissioner a statement, "setting forth  *  *  *  the place of man-ufacturing." The evidence showed without conflict that Atlanta, Ga., was designated in the statement to the commissioner as the "place of manufacture," and that it was in fact manufactured at East Point, Ga., a dis-tinct, separate incorporated municipality about six miles from Atlanta; but the principal office of plaintiff for business was at Atlanta.

Upon the evidence the court might well have charged the jury as matter of law that the statute had not been complied with. The purposes of the act, establishing an Agricultural Department for the State of Alabama, were well stated in the case of *Steiner & Sons v. Ray*, 84 Ala. 93; and parties desiring to sell fertilizers in this State, should comply with its provisions enacted for the protection of the agricultural public. A license to sell fertilizers manufactured in Atlanta, Ga., would not au-thorize the sale of fertilizers manufactured at East Point, Ga.

Affirmed.