# Young *v.* O'Neal *et al.*

*Action on Promissory Note.*

1. *Rulings on demurrers; when cannot be revised.*—Rulings upon demurrers to pleadings shown only by the bill of exceptions, cannot be revised on error.

2. *Bill of exceptions; office of.*—The only office of a bill of exceptions is to present for revision such charges and rulings of the court as would not ·otherwise appear of record, and so much of the evidence as is necessary to show how the questions involved in them arose.

3. *Witness; what statement of, is not a conclusion of law.*—In an action on a note given for guano sold as a fertilizer, where the defense is that it was a worthless substance, a witness who ₁has used it in making a crop, having described his method in doing so, may state "whether the guano so used was· of any benefit to the crop." A question, soliciting such an answer, does not call for a mere conclusion of law, or mere inference of any kind, but a resultant fact which could be seen and known by an observer. A visible effect produced by physical causes on a material thing may be proved as a fact.

4. *Same; what does not constitute an expert.*—The mere fact that a witness has knowledge of guano, "as an old merchant, dealing in guano for ten or twelve years," does not constitute such witness an expert, or authorize his opinion as to the merits and merchantable value of guano.

5. *Same; to what witness cannot testify, to show himself an expert.*—So, also, it is not error to refuse to allow a witness, who had been farming several years in the neighborhood, to be examined "touching his knowledge of the practical use of guano and other fertilizers on a sandy soil, with a view to making him a witness in that respect," for the evidence in respect to other fertilizers would not have been relevant.

6. *Same; when witness may testify as to proper method of using guano.* Where, however, a witness had used guano of the kind for which the note was given, "purchased from the plaintiff for the last three years, (including the year defendant bought,) and had experimented with it, on all kinds of garden and field plants and crops, and had closely and critically watched its effects," he is competent to testify concerning the proper method of using such fertilizer, and what would prevent it from acting beneficially.

7. *Judicial notice; not taken of statutes of another State; when charge abstract.*—The courts of this State can know nothing of the statute laws of another State, unless proved, and a charge based on such a statute, unless· such statute appears by evidence, is abstract.

APPEAL from the Circuit Court of Russell.

Tried before the Hon. JAS. E. COBB.

Action was brought by appellant, William H. Young, against Simeon O'Neal and John S. Burch, appellees.

In answer to the complaint, defendants pleaded: "*First,* that the consideration of the note sued on, has failed in this, that said note was given for two tons of guano, to be delivered to defendants; and that plaintiff did not deliver said guano, but instead thereof he delivered two tons of worth--

[Young v. O'Neal et al.]

less compound, which had not the properties and value of guano as a fertilizer, whereby defendants were deceived, &c.; *second*, the said note was given for said guano, sold and delivered by the plaintiff to defendants in Columbus, Georgia; and that, under and by virtue of an act of the State of Georgia, the said plaintiff warranted that the said guano was merchantable and reasonably suited to the uses intended— (here said act was set out as part of the plea); and that said warranty has been broken in this, that said guano was not merchantable and reasonably suited to the use intended as aforesaid."

The bill of exceptions recited that separate demurrers to each of said pleas, were filed and overruled. The demurrers and rulings thereon appear nowhere save in the bill of exceptions.

Trial was had upon the pleas. Plaintiff introduced and proved the note. One of the defendants (O'Neal), as a witness, testified to the matters set out in the pleas. He was asked by his counsel if the guano " so used and applied was of any benefit to his crop?" To which the plaintiff objected, on the stated ground that it called for a conclusion of the witness; which objection was overruled and plaintiff excepted. The son of O'Neal, as a witness, and who superintended the fertilizing, was asked a similar question as that objected to above, against the objection of the plaintiff, who excepted. Other questions were asked, during the trial, to which objections were made, and are sufficiently noticed in the opinion.

After the court had charged the jury generally, the plaintiff asked the following charge in writing: " The implied warranty, under the law of Georgia, that the article sold is merchantable, does not mean or imply that the article was sound;" which charge was refused, and plaintiff excepted. The bill of exceptions does not show that any proof of said act was made.

The rulings of the court, adverse to the plaintiff, are now assigned as error.

MITCHELL & LEWIS, for appellant.

L. W. MARTIN, *contra.*

MANNING, J.—1. The assignment of a judgment of the court overruling the demurrers to the pleas, as error, is not sustained by the record. There is no such judgment shown,

[Young v. O'Neal et al.]

except by a recital in the bill of exceptions—where such recital ought not to be—if, in fact, the judgment was rendered. A judgment upon a demurrer, as well as upon a verdict, must appear by the minutes of the court that rendered it, and be a part of the regular record of the cause.

2. The only office of a bill of exceptions is to present for revision such charges and rulings of the court as "would not otherwise appear on record, and so much of the evidence as is necessary to show how the questions involved in them arose."—Code of 1876, § 3107 ; *Petty v. Dill,* 53 Ala. 641.

3. The defense to the note sued on being, that the compound sold to defendant as *guano* and a valuable fertilizer, was a worthless and useless substance, it was not erroneous to allow a witness, who had described how he had used it in the cultivation of a crop, to be asked, " if the guano so used and applied was of any benefit to the crop." The matter here inquired about was not a conclusion of law, or a mere inference of any kind, but a resultant fact, which could be seen and known by an observer. " There is no matter which involves a combination of facts that is not liable to be called a conclusion," if this term is properly applied to the knowledge of a visible effect produced by physical causes on a material thing.—See *Chenault v. Walker,* 14 Ala. 154–5.

4. Plaintiff proposed to examine the person by whom the guano was sold to him, " as to his opinion of the market and merchantable value of the guano, . . . and as to its merits and intrinsic value as a fertilizer, based upon his knowledge as an old merchant, dealing in guano for ten or twelve years ;" which evidence the court refused to receive. The witness is not shown to have had such experience and knowledge as entitles his opinions upon the subject under consideration to be received as evidence ; and there was no error in so ruling.

5. Nor was there any error in refusing to permit another witness who had been farming several years in the neighborhood of the defendant, to be examined " touching his knowledge of the practical use of guano and fertilizers on a sandy soil, with a view to making him a witness, as an expert in that respect." The evidence in respect to other fertilizing compounds would not have been sufficiently relevant.

6. But, when it was shown that this witness had used the " soluble Pacific guano," (the fertilizer for which, in 1873, the note was given,) " purchased from plaintiff for the last three years, including 1873, that he had experimented with it on all kinds of garden and field plants and crops, and had

closely and critically watched its effects and results," we think the witness should have been allowed to testify concerning the proper methods of using the fertilizer in question, and what would prevent it from acting beneficially. For, if its inutility was caused only by mistake, or want of proper skill and care in the application of it, or by the excessive rains which, as plaintiff and other witnesses testified, continued for several months during the first half of the year, the consequences thus produced ought not to be transferred from the purchaser back upon the plaintiff. He should not be made responsible for effects that did not result from the absence of value in the article he sold. The circuit judge erred in not permitting the examination of this witness.

7. The charge asked on behalf of plaintiff and refused, related to the meaning of a statute of Georgia, which was set forth in one of the pleas of defendant. We can know nothing of the statute of a sister State, unless it be proved. But the bill of exceptions, although it recites that it contains all the evidence in the cause, does not show that any evidence was given of such a statute. The charge was therefore abstract, and for that reason, if no other, it was properly refused.

For the error noticed, let the judgment be reversed and the cause remanded.