# Steiner & Sons *v.* Ray *et al.*

### *Action for Breach of Contract.*

1. *Constitutional law; police power; regulation of sale of fertilizers.*—The act to establish a department of agriculture for the State of Alabama, approved February 23, 1883, § 129 *et seq*, Code 1886, and regulating the sale of commercial fertilizers, and guarding the public against worthless compounds, by affording cheap and reliable means of proving the deception and fraud is a legitimate police regulation and constitutional.

2. *Sale of fertilizer; failure to attach tags.*—One who sells a fertilizer, omitting, at the request of the purchaser, to tag each package sold, as required by § 141 Code 1886, but delivers tags for each package to the purchaser, he promising to attach them, does not violate the statute; and a note given for the purchase price of such fertilizer is valid.

APPEAL from Butler Circuit Court.
Tried before the Hon. JOHN P. HUBBARD.

RICHARDSON & STEINER, for appellants, argued the act establishing the agricultural department was unconstitutional: 1st, one-third of the money paid for the tags is paid to and used for the A. & M. College at Auburn and thereby violates art. I, sec. 24 of the constitution; 2d, the act violates constitution art. 2, sec. 1; 3rd, it violates art. II, sec. 4; 45 Ala. 317; 77 Ala. 602; 4th, it taxes only commercial fertilizers: Potter's Dwarres on stat., 444 *et seq*; Cooley's Const. Lim., 706, 720; 5th, it violates art. 4, sec. 2.—75 Ala. 534: 80 Ala. 96; 6th, it violates art. 4, sec. 38. The court should not have given general charge for defendants.—41 Ala. 353; 11 Ala. 822.

G. R. FARNHAM and STALLINGS & WILKINSON, *contra*.

STONE, C. J.—The consideration of the note sued on in this case was a commercial fertilizer, sold by appellants to appellees in April, 1884. The act "to establish a department of agriculture for the State of Alabama," approved February 23rd, 1883—Sess. Acts 190—determines the rights

of the parties to this suit.—Code of 1886, §§ 129 *et seq.*
The constitutionality of that statute is assailed on many
grounds.   As we understand the statute, its controlling pur-
pose was to guard the agricultural public against spurious
and worthless compounds, sometimes sold as fertilizers, to
fix on sellers a statutory guaranty that fertilizers sold by
them contain the chemical ingredients, and in the propor-
tions represented, and to furnish to buyers cheap and reliable
means of proving the deception and fraud, should such be
attempted.   The   accomplishment of   these   objects will
greatly promote the prosperity and success of agricultural
industry; and we do not hesitate to declare that they are
strictly within the pale of  legitimate police regulation.
Wharton Amer. Law, §§ 425, 487, 490 and note; Cooley
Cons. Lim. (5th Ed.) 722-3.   We think the statute clearly
constitutional.

The record shows the following state of facts:  Plaintiffs,
Steiner & Sons, were merchants, and among other merchan-
dise, sold guano to their customers.   The defendants applied
to them for the purchase of this fertilizer, and were informed
that they had none in store, but expected a car load during
the day.   The car arrived about two o'clock p. m., and there-
upon the written contract declared on was entered into.
There is no testimony showing whether or not the guano
had been analyzed, and that inquiry does not appear to have
been raised in the trial court.   The case seems to have gone
off mainly on the failure to have tags attached to the pack-
ages.   The testimony most favorable to the plaintiffs, appel-
lants here, is, in substance, as follows:   When the car ar-
rived, it was soon opened for the delivery of its freight, and
defendants, being anxious to leave for home, loaded a ton of
the guano from the car, upon their wagons.   This was done
without the direction or knowledge of the plaintiffs, or their
agent.   The agent coming up, and having the requisite tags
in his possession, was proceeding to attach them to the pack-
ages on the wagons, ten in number.   He had attached them
to two or three of the packages, when, at the request of the
defendants, and that they might be allowed to leave for
home, he gave them the remaining tags, they promising to
attach them; and allowed them to depart, carrying with them
the fertilizer.   As we understand this testimony, if it be be-
lieved, the contract of sale was in progress, and did not be-
come completely executed, until plaintiffs' agent consented
that the defendants might depart with the guano.   Till then

[Moses v. Katzenberger & Sons.]

the plaintiffs had not relinquished their ownership and control over it.

We have said that the purpose of the statute was to create and furnish evidence of a guaranty of the chemical ingredients of the fertilizer sold. This the statute requires to be done by attaching tags to the several packages. The agent of the seller was proceeding to do this, when, at the urgent request of the buyers, he delivered the tags to them and permitted them to depart, they promising to attach them. They failed to do so. We hold that this was a substantial compliance with the statute. The sellers committed no fraud on the department of agriculture, for they purchased and paid for the requisite tags. They committed no fraud on the purchasers, for they furnished to them the proper guaranty, and the means of proving it. If the tags were not attached, the fault was not with the sellers. To allow the purchasers to take advantage of this technical omission of duty, would be to reward them for the violation of their promise, which we are not inclined to do. Of course, what we have said is based on the testimony as given by plaintiffs' agent. If the jury failed to find the facts as deposed to by him, then the rules declared above do not apply.

This case is distinguishable from *Campbell v. Segars*, 81 Ala. 259. In that case the agricultural department failed to realize its fees for the tags, and the purchasers failed to obtain the statutory guaranty. The purchasers, as further security, might have requested the sellers to draw samples from each package in their presence, but they are not shown to have requested it.

The circuit court erred in the charge given.

Reversed and remanded.