[Clark's Cove Guano Co. v. Dowling.]

# Clark's Cove Guano Co. *v.* Dowling.

*Action on Note, given for Price of Guano.*

1. *Sale of guano; attaching tags to packages.*—On a sale of guano, or other commercial fertilizer, in this State, the law requiring tags to be affixed to each bag or package (Code, § 141) contemplates that the tags shall be affixed at the time of the sale; and the fact that they were affixed when the packages were brought into the State, or before, is not a compliance with the statute, when it appears that, before or at the time of the sale, they had been lost or torn off.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, a Massachusetts corporation, against W. R. Dowling; and was founded on the defendant's promissory note for $48, which was dated March 6th, 1885, and payable on the 15th October. The consideration of the note was several bags or packages of guano, which the defendant had bought from one Cody, plaintiff's agent at Columbia, Henry county, Alabama; and his defense was, that four of the eight packages were not tagged as required by the statute.—Code, § 141. The defendant testified, in his own behalf, that the four packages first delivered were without tags; the warehouse-man who delivered them testified, "that he received said lot of guano from Cody as tagged guano, but could not say that said four sacks were tagged when he received or delivered them;" and plaintiff's agent at Pensacola, Florida, who had forwarded all the guano to Cody, testified that each package was properly tagged when forwarded. On this evidence, the court gave four charges to the jury, at the instance of the defendant; to which the plaintiff duly excepted, and which are now assigned as error. The substance of these charges is stated in the opinion of the court.

CASSADY & BLACKWELL, for the appellant, cited *Steiner v. Ray*, 84 Ala. 93.

W. D. ROBERTS, *contra.*

[Clark's Cove Guano Co. v. Dowling.]

STONE, C. J.—Only one witness, the defendant, gives testimony as to the place of sale of the guano, which is the consideration of the note sued on. He testifies that he purchased from Cody in Columbia, Alabama. He testifies further, that when he received four sacks of the fertilizer, they were without tags. There was no testimony directly in conflict with this, and the jury must have believed it. Other four sacks, received at a different time, were tagged; but no ruling of the court raises the question of the right to a partial recovery. Possibly, without a change of the complaint, or a common count, that question could not have been raised. *Irvin v. Stone*, 6 Cush. 508; Bish. Contr. (enlarged), § 487; 1 Pars. Contr. (7th Ed.), *455.

This record presents only one question—whether the four sacks of guano when sold were tagged as the statute requires.—Code of 1886, § 141; *Campbell v. Segars*, 81 Ala. 259; 1 South. Rep. 714; *Steiner v. Ray*, 84 Ala. 93. It matters not that tags may or may not have been attached in Florida, or when the fertilizer was brought across the line. It is only when sale is made, or offered to be made, that the duty to affix tags attaches. In *Steiner v. Ray, supra*, 84 Ala. 93, we discussed the purpose of this enactment, and need add nothing to what was there said.

Four several charges were given, and separately excepted to, but none of them can avail the appellant any thing. The first asserts only that the packages of guano must have been tagged when sold. The second declares, that if tags were attached in Florida, and had been torn off before the fertilizer reached Alabama, this would not authorize a subsequent sale in Alabama without tags; that such attaching in Florida would amount to nothing, unless they remained attached when the sale was made. The third is, in substance, a summation of the first and second, though worded differently; and the fourth is not materially different from the third. The gist of the entire charge is, that tags attached in Florida, if subsequently, and before sale, removed or lost, do not meet the requirements of the statute. The tags must attend the sale, to legalize it.

Affirmed.