# Kirby v. Huntsville Fertilizer & Milling Co.

*Action on a Promissory Note.*

1. *Commercial fertilizer; must be tagged at time of sale.*—The sale of commercial fertilizer is void, unless each sack, parcel or package thereof is tagged as required by statute; (Code, § 141), at the time the right of property in the fertilizer changes and passes from the vendor to the vendee; and the fact that sometime prior to the sale

34

and delivery the sacks or packages containing the fertilizer had been properly tagged, and, without fault on the part of the vendor, the tags thereon had been lost or destroyed at the time the vendee acquired the right of property, is ineffectual to render such sale valid.

2. *Action on a note given for commercial fertilizer; irrelevant evidence.*—In an action on a promissory note for the purchase price of commercial fertilizer, where the defense is that the packages of fertilizer were not tagged as required by statute notes given to the defendant by purchasers from him, which recited that at the time of the sales for which they were given the fertilizer was properly tagged, are inadmissible in evidence; the recitals in such notes having reference to the time of the sale by the defendant to the makers of the notes, and not to the time of the sale by the plaintiff to defendant.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This action was brought by the appellee, The Huntsville Fertilizer & Milling Company, against the appellant, Joshua F. Kirby; and counted on a promissory note executed by the defendant to the plaintiff. The defense interposed is shown in the opinion.

Upon the cross-examination of the plaintiff as a witness, and after he had testified that he had sold most of the fertilizer purchased from the plaintiff, he was asked to get the notes which he had taken from the persons to whom he had re-sold the fertilizer, and was ordered to produce them, against his objection and exception. These notes contained a recital that the fertilizer, for the purchase price of which they were given, was tagged and marked, as required by law, at the time of the sale to the makers of said notes by the defendant. The plaintiff offered to introduce these notes in evidence, and to to the introduction of them the defendant objected, on the ground that they were irrelevant, immaterial, and shed no light on the issue. This objection was overruled, the court allowed the notes to be introduced, and to this ruling the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court gave, at the request of the plaintiff, the general affirmative charge in its behalf, and refused a similar charge asked by the defendant, and to each of these rulings the defendant separately excepted.

There was judgment for the plaintiff. Defendant appeals, and assigns as error the giving of the charge re-

quested by the plaintiff, and the refusal of the court to give the charge asked by the defendant.

B. COMAN, for appellant.

LUSK & BELL, *contra*.

BRICKELL, C. J.—This suit is founded on a promissory note made by the appellant payable to the appellee, bearing date the first day of May, 1891, for the payment of the sum of fourteen hundred and four dollars on the first day of December, 1891. The defendant interposed several pleas, but the trial was had only on a plea averring that the consideration of the note was the price of commercial fertilizers which the appellee sold the appellant, the same not being tagged as required by the statute. The facts as shown by the bill of exceptions are, that the appellee was engaged in the manufacture and sale of commercial fertilizers in this State, having a license from the Commissioner of Agriculture. The appellant by telegram, to which there does not appear to have been a response, ordered a car load of fertilizers from the appellee. Having occasion to ship a quantity of fertilizer, the appellee caused each sack or package thereof to be tagged as the statute requires, and delivered to a common carrier for transportation. In the course of transportation the tags from parts of the sacks or packages were lost or destroyed. At a point on the Tennessee river on which the fertilizer was being transported, the appellee sold the appellant fifty-four tons at the price of twenty-six dollars per ton, the aggregate of the price forming the consideration of the note on which the suit is founded. At the time of the sale and delivery, a number of the sacks or packages, probably one third of them, were without tags. The appellant had made sales of all but four tons of the fertilizer, and the notes he had taken from the purchasers, recited that at the time of the sales, the fertilizer was marked and tagged as required by law. The instructions given and the instructions refused, raised the question whether the appellant was entitled to a recovery.

The contract of sale was an entirety, and according to its terms, the consideration is incapable of apportionment on either side. The delivery of a greater or less

quantity than fifty-four tons of the fertilizer would not have been performance on the part of the vendor. The payment of less than the aggregate price of twenty-six dollars per ton for the whole fifty-four tons would not have been performance on part of the vendee. If any part of an entire contract, or any part of any indivisible consideration is illegal, the whole is void. In express terms, the statute, (Code, § 141), declares that an offer to sell or exchange, or a sale or exchange of commercial fertilizer is void, unless each bag, parcel or package thereof is tagged in accordance with its requirements. In *Steiner v. Ray*, 84 Ala. 93, the statute was examined, and its purposes and the purposes of the statutes with which it is associated were so fully explained, that we cannot add anything to what is there said. The time at which the tags must be attached, when as is the present case there is a sale, is the time when the right of property changes, when it passes from the vendor to the vendee. It is not sufficient, will not satisfy the words or purposes of the statute, that at some prior time the vendor may have attached the tags, and that without fault on his part, they may have been lost or destroyed. The loss or destruction renders necessary their replacement before a sale or exchange not offensive to the statute can be made.—*Clark's Cove Guano Co. v. Dowling*, 85 Ala. 142; *Brown v. Adair*, 104 Ala. 652.

The notes the appellant had taken from the purchasers to whom he made sales of the fertilizer, were irrelevant and inadmissible. The recital in them that the fertilizer was tagged referred to the time of the sale to these purchasers, and not to the sale made by the appellee to the appellant.

Without conflict the evidence showed that parts of the sacks containing the fertilizer were not tagged at the time of the sale and delivery—this fact was undisputed. The sale being an entirety, for an indivisible consideration, was void.

The court below erred in the instruction given, and in the refusal of the instruction requested.

Reversed and remanded.