### DECATUR FERTILIZER CO. v. WALLS.
(8 Div,. 667.)

(Supreme Court of Alabama. Oct. 16, 1924. Rehearing Denied Nov. 27, 1924.)

I. **Agriculture** ☞7—**Evidence fertilizer was not tagged when received admissible to prove lack of tags on delivery to carrier.**

In action on note given for fertilizer, which was carried by one continuous route by boat, where plaintiff's evidence tended to show each sack was tagged, in compliance with Gen. Acts 1911, p. 365, Code 1907, § 24 et seq., Gen. Acts 1919, p. 184, evidence showing that sacks had no tags when delivered at defendant's landing was admissible to dispute plaintiff's evidence.

2. **Agriculture** ☞7—**Testimony fertilizer sold by defendant was not tagged admissible to prove lack of tags when delivered to defendant by carrier.**

In action on note given for fertilizer, in which there was some evidence that sacks were not tagged, in compliance with Gen. Acts 1911, p. 365, Code 1907, § 24 et seq., Gen. Acts 1919, p. 184, when delivered to carrier, testimony of purchasers from defendant, that sacks were not tagged when bought by them, was admissible to corroborate defendant's testimony that they had no tags when delivered to him.

3. **Agriculture** ☞7—**Admitting testimony, fertilizer bought from defendant had no tags, without identifying it, held prejudicial error.**

In action on note to pay for fertilizer, where whether sacks were tagged, as required by Gen. Acts 1911, p. 365, Code 1907, § 24 et seq., Gen. Acts 1919, p. 184, was in dispute, admitting testimony, that witness had bought fertilizer from defendant in untagged sacks, without identifying it as being part of shipment in question, was prejudicial error.

4. **Sales** ☞440(3)—**Testimony of users of fertilizer, that they raised bad crops, held inadmissible, in absence of testimony as to other conditions affecting crops.**

In suit on note given for fertilizer, wherein defendant pleaded failure of consideration or breach of implied warranty, testimony of purchasers of fertilizer from defendant, that they had raised bad crops, in absence of testimony as to other conditions affecting crops, was inadmissible.

5. **Sales** ☞440(3)—**Testimony, that users of fertilizer did not raise any cotton, held reversible error.**

In action on note given for fertilizer, admitting over objection testimony, that users of fertilizer did not raise any cotton, was reversible error. .

6,. **Sales** ☞440(3)—**Evidence, that parties using fertilizer, sold to defendants to resell, raised bad crops, or did not raise any crops, held irrelevant.**

In action on note given for fertilizer. which was resold by defendant who had collected for large part thereof, testimony, to establish failure of consideration or breach of implied warranty, that people to whom fertilizer was sold raised bad crops, or no crops at all, was irrelevant.

7. **Evidence** 215(3)—**Letter admitting indebtedness admissible, though part thereof was torn off.**

In action on note given for fertilizer, letter, whose contents could be interpreted as admission of indebtedness admitted to have been written by defendant, offered in rebuttal by defendant, was admissible, though part thereof was gone, and it was not signed.

8. **Appeal and error** ☞212—**On failure to request affirmative charge, question whether party was entitled thereto is not presented on appeal.**

On failure to request affirmative charge as to plea, question whether party was entitled to such charge is not presented on appeal.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action on promissory note by the Decatur Fertilizer Company against S. J. Walls. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Isbell & Scruggs, of Guntersville, for appellant.

Evidence as to the fertilizer not being tagged when it was unloaded was improperly admitted. Steiner v. Ray, 84 Ala. 93, 4 So. 172, 5 Am. St. Rep. 332; Clark's Cove Guano Co. v. Dowling, 85 Ala. 142, 4 So. 604; Kirby v. Huntsville F. Co., 105 Ala. 529, 17 So. 38; Planters' Chem. Co. v. Stearnes, 189 Ala. 503, 66 So. 699; Mayhall v. Woodall, 192 Ala. 134, 68 So. 322; Ex parte Diggs, 52 Ala. 381. Likewise evidence as to effect of the fertilizer on crops. Brenard v Citronelle Co., 140 Ala. 602, 37 So. 509; Young v. O'Neal, 57 Ala. 566; Code 1907, § 44; Chilton W. M. Co. v. Lewis, 3 Ala. App. 464, 57 So. 100. Plaintiff was entitled to the affirmative charge. Wolf v. Doe ex dem. Delange, 150 Ala. 445, 43 So. 856; Carroll v. Warren, 142 Ala. 397, 37 So. 687; 22 C. J. 905; Rudolph v. Holmes, 201 Ala. 461, 78 So. 839.

. Rayburn, Wright & Rayburn, of Guntersville, for appellee.

Counsel argue the questions raised, but without citing authorities.

GARDNER, J. Appellant sued appellee on a promissory note, the consideration of which note was fertilizer purchased by the defendant from the plaintiff.

The defendant sought by plea 2 to interpose the defense that the fertilizer was not

tagged as required by the laws of this state. Acts 1911, p. 365; section 24 et seq., Code 1907; Gen. Acts 1919, p. 184; Steiner & Son v. Ray, 84 Ala. 93, 4 So. 112, 5 Am. St. Rep. 332; Clark's Cove Guano Co. v. Dowling, 85 Ala. 142, 4 So. 604; Brown v. Adair, 104 Ala. 652, 16 So. 439; Kirby v. Huntsville Fertilizer Co., 105 Ala. 529, 17 So. 38,—and by the additional plea "A" sought to interpose the defense of a failure of consideration or breach of an implied warranty. Young v. O'Neal, 57 Ala. 566; Curb v. Stewart, Adams & Co., 210 Ala. 341, 98 So. 24.

Each of these pleas was defective, and, indeed, plea A does not even allege that the fertilizer was a consideration of the note sued upon. We find, however, that the demurrer addressed to these pleas is also in very general terms, and we are inclined to the view is not sufficiently specific to meet the requirements of our section 5340, Code 1907. As the case must be reversed upon other grounds, we may pass over the question of pleading without decision thereon.

The fertilizer was shipped by the plaintiff, consigned to the defendant, and loaded on the boat at Decatur, Ala. The cause appears to have been tried upon the accepted theory that the sale was completed when the fertilizer was delivered on board the boat, and will be so considered here. Pilgreen v. State, 71 Ala. 368; McCormick v. Joseph & Anderson, 77 Ala. 236.

[1] The evidence for the plaintiff tended to show without dispute that each sack of fertilizer was tagged when loaded on the boat at Decatur, in compliance with the law. The fertilizer was carried by one continuous route up the Tennessee river to the landing, where it was received by the defendant, and the latter was permitted to show that, at the time the fertilizer was unloaded from the boat onto the landing, there were no tags on the sacks. It is strenuously insisted that, under the authorities cited above (Kirby v. Huntsville Fertilizer Co. and Steiner & Sons v. Ray), this was error in that the law only required the sacks to be tagged at the time of the sale, which was, under the evidence, completed upon the delivery of the fertilizer on board the boat at Decatur. The court below instructed the jury that the essential question of fact as to this defense related to whether or not the sacks were tagged when the fertilizer was loaded on board the boat at Decatur, but admitted the proof, that these sacks were not so tagged when they reached the defendant's landing, as being sufficient, from which the jury might draw the inference that in fact the plaintiff's evidence was untrue to the effect that the sacks bore these tags when loaded on the boat at Decatur.

We are of the opinion the trial court correctly ruled in admitting this evidence. This was one continuous route on one boat, and we think that the fact the fertilizer bore no tags when received at the landing by the defendant was evidence from which the jury could infer there were no tags when so loaded on the boat, and thus present a disputed issue of fact.

[2] The defendant was also permitted to prove by some of those to whom he had sold the fertilizer that the sacks bore no tags when they purchased the same from the defendant. There being some evidence, as we have just held, from which the jury could infer that the sacks were not tagged when loaded on the boat at Decatur, we are of the opinion this evidence was likewise admissible as corroborative of the testimony of the defendant that they bore no tags when delivered from the boat at the landing. Such is the effect of the holding of this court in Planters' Chemical & Oil Co. v. Stearnes, 189 Ala. 503, 66 So. 699. For this testimony to be admissible, however, it must very clearly appear that the fertilizer purchased was that constituting this particular shipment.

[3] The court, over the plaintiff's objection, permitted the witness Winkles to testify that he got some fertilizer from the defendant that was not tagged. This witness did not know that this was the fertilizer that came from the plaintiff, nor did he know the name of the fertilizer, or from where it came, or how long it had been at the landing before it was carried to his house, nor was it otherwise identified. We are of the opinion this was prejudicial error.

[4, 5] The defendant was in the general merchandise business, and had purchased this fertilizer, not for his personal use, but for resale, and had immediately sold the same; for a large portion of which he had collected the purchase price. For the purpose of establishing plea A, we assume the defendant offered the testimony of some of those who had purchased the fertilizer from him, to the effect that they made a bad crop that year. This evidence was offered, evidently, upon the theory as set forth in Bell v. Reynolds & Lea, 78 Ala. 511, 56 Am. Rep. 52; International Agri. Chem. Co. v. Abercrombie, 184 Ala. 244, 63 So. 549, 49 L. R. A. (N. S.) 415; and Abercrombie v. V.-C. Chem. Co., 206 Ala. 615, 91 So. 311; but, very clearly, even under these authorities, the evidence, as brought out by the defendant, was inadmissible, and the objection thereto should have been sustained, for nothing appeared as to the character of the soil, climatic or seasonal conditions, or presence or absence of destructive insects, or the character of cultivation. Without any proof of this character, the witness Hilton was permitted to testify that he had made a bad crop that year. So, also, to like effect the witness Winkles. The court also erred in permitting the defendant, over plaintiff's objection, to testify that he knew a number of people that used this fertilizer, who did not make any cotton. This testimony was of a prejudicial character, and its admission was reversible error.

[6] Plea A was interposed as a complete defense, and the defendant's testimony was without dispute, to the effect that he purchased and immediately resold this fertilizer and collected for a large portion thereof. He did not purchase for the purpose of personal use, but for a resale, and very clearly it was not valueless to him. Under these circumstances, therefore, the evidence of the character just discussed was irrelevant, and should have been excluded upon this ground also.

[7] The plaintiff offered in rebuttal a letter or a portion thereof, purporting to have been written by the defendant on February 18, 1921, upon the defendant's stationery which contained his name "S. J. Walls, dealer in general merchandise, Columbus City, Ala.," in which letter the defendant stated, evidently in answer to plaintiff's demand for settlement of his account, that he could not "do anything just now," as collections were poor. The defendant admitted writing the letter. It appears, however, that the letter was not complete—some of it being torn off—and it was not signed. The defendant objected to the introduction of this letter because of these facts, and to the action of the court in sustaining these objections the plaintiff duly excepted. This letter was written long after the purchase of the fertilizer by defendant and its resale by him, and its contents could be interpreted as an admission of indebtedness; and we are of the opinion that the mere fact that a portion of the letter was gone, and was not signed, did not render it inadmissible as the defendant admitted having written it. While these matters might have affected its probative force, it did not render that portion of the letter inadmissible, and the court committed error in sustaining the objection thereto.

[8] There is much argument in brief of counsel for appellant that the plaintiff was entitled to the affirmative charge as to the plea A, but we find no requested instruction to this effect, and therefore that question is not presented.

What we have here said, we think, will suffice for another trial. Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.