(111 So. 214)

## WALLS v. DECATUR FERTILIZER CO.
### (8 Div. 861.)

(Supreme Court of Alabama. Nov. 16, 1926. Rehearing Denied Jan. 13, 1927.)

1. Sales ⬉347(3)—There was not failure of consideration, where goods were resold by buyer and resale price collected.

Where fertilizer was sold to merchant for resale, and was resold and much of sales prices collected, there was not failure of consideration.

2. Appeal and error ⬉1039(11), 1050(1)— Where evidence did not sustain plea of failure of consideration for goods sold, rulings on replication and evidence of defect in goods held immaterial.

In suit on note for price, where evidence did not sustain plea that fertilizer was worthless, rulings on replication and on evidence of fertilizer's effect on crops of users, to whom buyer sold, were immaterial.

3. Agriculture ⬉7—Burden of proof is on buyer to sustain plea fertilizer was untagged.

In suit on note for price of fertilizer, burden of proof was on buyer to sustain plea that it was untagged at time of sale and delivery.

4. Agriculture ⬉7—Whether bags of fertilizer sold were tagged is determined as of time of delivery to common carrier.

In suit on note for price, where plea alleged that fertilizer was not tagged at time of delivery, whether bags were tagged is determined as of time and place they were delivered to boat as common carrier.

5. Evidence ⬉60—Violation of statute is not presumed.

The violation of a positive statute is not presumed.

6. Sales ⬉161—Carrier selected by buyer is his agent in effecting delivery.

In sale of goods, carrier selected by buyer is his agent in effecting delivery.

7. Agriculture ⬉7—Rule requiring fertilizer to be tagged at place of delivery is unaffected by collective shipments, without identifying bags for each consignee.

Rule that fertilizer must be tagged at place of delivery is unaffected by fact that seller delivered to carrier required number of bags to fill all orders shipped by same boat, without identifying each shipment to particular consignee, or that carrier segregated shipments in transit.

8. Agriculture ⬉7—Charge that if single bag of fertilizer sold was untagged at time of delivery to carrier, verdict should be for buyer held correct.

In action on note for price of fertilizer, requested charge that if, when fertilizer was delivered to carrier, single bag was not tagged, verdict should be for buyer held correct statement of law.

9. Agriculture ⬉7—Charge denying recovery by seller, if single bag of fertilizer was untagged, held not abstract.

In suit on note for price of fertilizer, where evidence made jury question as to whether one or more bags were untagged at time of delivery, requested charge that, if single bag was untagged at time of delivery, verdict should be for buyer held not abstract.

10. Trial ⬉234(5)—Charge, if single bag of fertilizer was untagged, buyer should have verdict, held properly refused, as not basing fact finding on evidence.

In suit on note for price of fertilizer, charge that if, when fertilizer was delivered to carrier, single bag was untagged, verdict should be for buyer held properly refused, as not predicating finding of such facts on evidence.

11. Trial ⬉234(5)—Charge predicating verdict on recited facts should limit consideration of facts to evidence and inferences therefrom.

When charge predicates verdict on existence of recited facts, it should limit consideration of such facts to evidence and inferences therefrom.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by the Decatur Fertilizer Company against S. J. Walls. Judgment for plaintiff, and defendant appeals. Affirmed.

Plea 5 is as follows:

"For further answer, he says that the note sued on was given for commercial fertilizer sold by plaintiff to defendant in this state on, to wit, April 26, 1920; that said fertilizer was put up in bags and sold to defendant in bags; and that one or more of said bags containing said fertilizer was not, at the time of the sale and delivery to defendant, tagged with a tag bearing the printed words, 'Alabama Tag Tax,' 'Paid.' "

Street, Bradford & Street, of Guntersville, for appellant.

The burden of proving that the bags were not tagged was not on the defendant; the fact lay peculiarly within the knowledge of plaintiff. Pollak v. Winter, 166 Ala. 255, 51 So. 998, 52 So. 829, 53 So. 339, 139 Am. St. Rep. 33; Buckner v. Graves, 210 Ala. 294, 98 So. 22; 1 R. C. L. 222. To constitute delivery and to pass title there must be an identification and segregation of the articles. 4 Mayfield's Dig. 745, 749; Bank v. Fry, 69 Ala. 350; Gresham v. Bryan, 103 Ala. 639, 15 So. 849; Foley v. Felrath, 98 Ala. 176, 13 So. 485, 39 Am. St. Rep. 39; McFadden v. Henderson, 128 Ala. 221, 29 So. 640; Warten v. Strane, 82 Ala. 311, 8 So. 231; Frank v. Myers, 97 Ala. 437, 11 So. 832. If a single bag of the fertilizer was not tagged, at the time and place delivery was made, the entire note was void. Ala. Nat. Bank v. Parker, 146 Ala. 513, 40 So. 987; Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699. The

burden was upon plaintiff to show compliance with the law as to registration. Edisto Phosphate Co. v. Standford, 112 Ala. 493, 20 So. 613; Brown v. Raisin Fertz. Co., 124 Ala. 221, 26 So. 891.

Isbell & Scruggs, of Guntersville, for appellee.

The burden rested on defendant to offer evidence to sustain his plea that the fertilizer was not tagged at the time of delivery. Ala. Nat. Bank v. Parker, 146 Ala. 513, 40 So. 987; 9 Cyc. 762; 15 A. & E. Ency. Law (2d Ed.) 1016; Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699; McCurry v. Gibson, 108 Ala. 451, 18 So. 806, 54 Am. St. Rep. 177. Evidence as to the appearance of the fertilizer was inadmissible. Decatur Fertz. Co. v. Walls, 212 Ala. 226, 102 So. 32. Decatur was the place of delivery of the fertilizer. Pilgreen v. State, 71 Ala. 368; Decatur Fert. Co. v. Walls, supra; 35 Cyc. 316; 24 R. C. L. 40. Charges 1 and 2, requested by defendant, were properly refused. Wells v. State, 211 Ala. 616, 101 So. 626; Moore v. Heineke, 119 Ala. 627, 24 So. 374; Crawford v. State, 112 Ala. 1, 21 So. 214; Southern R. Co. v. Riddle, 126 Ala. 244, 28 So. 422; Underwood v. State, 179 Ala. 9, 60 So. 842; Williams v. State, 161 Ala. 52, 50 So. 59; Reaves v. Maybank, 193 Ala. 614, 69 So. 137.

BOULDIN, J. This is the second appeal in this cause; former decision, Decatur Fertilizer Co. v. Walls, 212 Ala. 226, 102 So. 32.

[1] Plea A on former appeal alleges:

"The product shipped was worthless and had no value as a fertilizer."

Plea 2 of the present record alleges:

" * * * That the consideration for said note has failed in this, the note was given for commercial fertilizer manufactured by plaintiff and sold to defendant as suitable for raising crops, and defendant avers that said fertilizer was worthless for the purpose for which it was manufactured and sold."

[2] This is admittedly a plea of failure of consideration. Without dispute, the fertilizer, the consideration for the note sued upon, was sold by manufacturer to merchant dealer, not for his own use, but for resale; it was resold and much of the sale prices collected. Clearly, it was not worthless to defendant. 212 Ala. 228, 102 So. 32. The evidence therefore failed to sustain the plea. Rulings upon the replications to this plea and upon evidence of its effect upon crops of the users, to whom defendant sold, were immaterial. The plea does not present an issue of illegality of consideration in the sale of commercial fertilizer without the content of plant food required by law, nor breach of warranty of the guaranteed contents, required by law to be shown on the bags, nor a breach of the general implied warranty that the product is suitable for the purpose intended, nor of sale of a spurious product upon fraudulent misrepresentations of the contents branded upon or attached to the bag as required by law. We are dealing only with failure of consideration under the facts before us.

[3] The burden of proof was on defendant to sustain his plea that the fertilizer was untagged at time of delivery. Ala. Nat. Bank v. Parker, 146 Ala. 513, 40 So. 987; Wadsworth v. Dunham, 117 Ala. 661, 23 So. 699.

[4] Appellant urges the rule should be different where delivery is made to a common carrier.

[5, 6] The violation of a positive statute is not presumed. The plea sets up an affirmative rather than a negative defense, the status of the bags as tagged or untagged when passing from the possession of the seller to the buyer. The carrier selected by the buyer is his agent in effecting delivery.

The same rule obtains as to the registration of the brand and guaranteed analysis with the commissioner of agriculture. This is a record open to both parties. It is unlike the license to deal in fertilizers, an instrument in the keeping of the licensee. When put in issue, the burden is on him to produce it, make proof of its issuance. Edisto Phosphate Co. v. Stanford, 112 Ala. 493, 20 So. 613.

We are of opinion the place of delivery was at Decatur, the point of shipment. Whether the bags of fertilizer were tagged is to be determined as of the time and place they were delivered to the boat as a common carrier.

The rule that a delivery to the carrier is a delivery to the consignee rests upon the theory that the carrier is, in the absence of other agreement, the agent of the consignee in accepting delivery. Decatur Fert. Co. v. Walls, 212 Ala. 226, 102 So. 32; Pilgreen v. State, 71 Ala. 368; McCormick v. Joseph, 77 Ala. 235; 35 Cyc. 316.

[7] That the seller had several orders for the same product to be shipped by the same boat, and delivered to the carrier the required number of bags to fill all the orders, without marking or otherwise identifying each shipping unit, as destined to a particular consignee, and that the carrier received same, issued a bill of lading for each consignment, made no segregation of the bags of each consignee while in transit, but delivered to each the number of bags called for by his bill of lading would not change the rule as to place of delivery. It would rather evidence an approval or ratification of this method of handling the consignment by the carrier.

[8-10] Defendant's refused charges 1 and 2 read:

"(1) The court charges the jury that if, when this fertilizer sued for was delivered to the boat

at Decatur, a single bag of the fertilizer was not tagged, then your verdict must be for the defendant—and in that case, it would make no difference that it had once been tagged. If it had been tagged and was torn or lost off before it was placed on board the boat, and was then untagged, the note would be void, and your verdict should be for the defendant.

"(2) If any part of the fertilizer covered by this note sued on was not tagged when delivered to the boat at Decatur, your verdict should be for the defendant, and it would make no difference that said fertilizer had been previously tagged."

These charges are correct statements of the law as directly declared in Ala. Nat. Bank v. Parker, 146 Ala. 513, 40 So. 987, and Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699. See, also, Brown v. Adair, 104 Ala. 652, 16 So. 439; Steiner v. Ray, 84 Ala. 93, 4 So. 172, 5 Am. St. Rep. 332; Clark's Cove Guano Co. v. Dowling, 85 Ala. 142, 4 So. 604.

The issue presented by these charges was raised by plea No. 5. As held on former appeal, evidence that all or many of the sacks were untagged at the time they reached Walls landing made it a jury question as to whether they were untagged at the time of loading on the boat. This necessarily made it a jury question, whether one or more were then untagged as required by law. The charges cannot therefore be condemned as abstract.

The point is made that these charges predicate a verdict for defendant on the existence of the facts stated, and fail to predicate a finding of such facts upon the evidence, and were properly refused as misleading.

In Hall v. Posey, 79 Ala. 84, the giving of a charge that, "If the jury believe" the facts hypothesized, the verdict should be for plaintiff, was held not reversible for failure to limit the belief of the jury to the evidence before them.

The court, through Chief Justice Stone, said:

"The oath administered to the jury required them to render a true verdict according to the evidence; and to suppose they would entertain and act on any belief which was derived from sources other than the testimony, or the inferences naturally and reasonably arising out of the facts proved, would be to impute to them a wicked disregard of their sworn duty, or great folly, which would show their unfitness for the trust confided to them. If counsel apprehended the jury would be misled by the instruction, it was a proper subject for an explanatory charge. O'Donnell v. Rodiger, 76 Ala. 222 [52 Am. Rep. 322]."

O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322, cited above, involved a charge similar in form to those before us, merely stating the law that a married woman could make a will without the consent of the husband. The giving of the charge was sustained, the court saying: .

"It is not a charge on the effect of the evidence, nor does it give the jury any direction as to their verdict,"

—and concluding with the same suggestion of an explanatory charge if the adverse party supposed himself injured.

That the giving of such charges is not error to reverse has been consistently followed: Mansfield v. Morgan, 140 Ala. 567, 37 So. 393; Duncan v. St. L. & San Francisco R. Co., 152 Ala. 118, 133, 44 So. 418; B. R. L. & P. Co. v. Lee, 153 Ala. 386, 392, 45 So. 164; State v. Brintle, 207 Ala. 500, 93 So. 429.

In Barfield v. Evans, 187 Ala. 580, 65 So. 928, the refusal of a charge "If you believe, etc.," without limiting the belief to the evidence before the jury, was held proper.

In Jefferson County Sav. Bank v. Compton, 192 Ala. 16, 68 So. 261, it was said such form of charge should be avoided.

In the still later case of Sovereign Camp W. O. W. v. Craft, 210 Ala. 683, 685, 99 So. 167, certain charges were held properly refused because not predicated upon the evidence. These charges do not appear in the report, but, as shown in the original record, some of them were in general terms of similar import to those now before us.

To like effect is Nashville Broom & Supply Co. v. Alabama Broom & Mattress Co., 211 Ala. 192, 195, 100 So. 132.

[11] Whether as an original proposition we should consider such charges misleading in fact, it must be regarded as a settled rule of the court that, when a charge predicates a verdict upon the existence of recited facts, it should go further and limit the consideration of such facts to the evidence and reasonable inferences deducible therefrom.

Without being predicated upon the evidence, neither the giving nor the refusal of such charge will, as a rule, work a reversal.

Affirmed.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.