183 So. 670

## HYATT et al. v. INTERNATIONAL AGRICULTURAL CORPORATION.

### 8 Div. 866.

Supreme Court of Alabama.

Oct. 6, 1938.

Claud D. Scruggs, of Guntersville, for appellee.

D. Isbell, of Guntersville, for appellants.

BOULDIN, Justice.

The suit was begun at law on six promissory notes, each given for a carload of commercial fertilizer, sold by plaintiff, appellee, to appellants.

The cause was, on motion of plaintiff, transferred to the equity docket. Complainant, thereupon, filed a bill in equity. The equity of this bill was considered and upheld on former appeal. Hyatt et al. v. International Agricultural Corporation, 230 Ala. 153, 160 So. 227. The present appeal is from a final decree granting complainant relief. Errors assigned to the order transferring the cause, and to the ruling on demurrer to the bill filed following such transfer, are without merit. They present no questions not sufficiently considered and treated on former appeal.

The defense was illegality of consideration of the notes in that they were given for commercial fertilizer sold by the man-

ufacturer and delivered in bags, and such bags, or some of them, entering into the consideration of each note, did not, at the time of delivery, have attached thereto the tax tag or analysis tag required by law.

The positive law of Alabama requires that each bag so delivered shall have such tags attached. Non-compliance is made a misdemeanor. A promissory note, given for a shipment, any portion of which is untagged, is void in toto. Brown v. Adair, 104 Ala. 652, 16 So. 439; Kirby v. Huntsville Fertilizer & Milling Co., 105 Ala. 529, 17 So. 38; Alabama Nat. Bank v. C. C. Parker & Co., 146 Ala. 513, 40 So. 987; Decatur Fertilizer Co. v. Walls, 212 Ala. 226, 102 So. 32; Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214.

Voluminous testimony on this issue was presented on both sides. Witnesses were not examined orally before the trial Judge.

The notes were each given for a carload of fertilizer. Some cars were shipped from complainant's plant in Florence, Alabama, and some from its plant in Montgomery, Alabama. They were all consigned to defendants at Guntersville, Alabama. Since the contract under which the parties did business called for shipment on Order Notify Bills of Lading, accompanying note to be executed, we take it the place of delivery within the meaning of the law was at Guntersville. The case will be so treated.

As we have pointed out in cases above cited, the burden of proof is on defendants to establish this defense. Apart from the fact that non-compliance is a misdemeanor, it is to the manifest interest of the seller to see to it that tags are attached. The tax tag carries a device approved by the Agricultural Department to securely attach same to the bag. A violation of the law means not only a probable loss of the price of untagged bags, but invalidates the note for the entire shipment, where the price of the untagged bags enters into the consideration of the note. Other factors enter into the presumption of fact that tags were attached. The law requires the consignee to give prompt notice that bags are untagged to the Commissioner of Agriculture and the shipper. The consignee is also guilty of a misdemeanor if he fails so to do. Agricultural Code, §§ 151, 158.

Fertilizers are under the supervision and control of the Field Inspection Service of the Department of Agriculture during the fertilizer moving season. Agricultural Code, § 23.

No notice was given by the consignees of any want of tags as required by law. The notes given for each car recites that all these shipments were properly tagged. The fertilizer was received, delivered directly to farmer customers in part, and in part warehoused, and no complaint was made to the plaintiff until default in payment of the notes and suit brought thereon with garnishment proceedings tying up defendants' assets.

The safeguards above noted afford the strongest reason for a careful compliance with the tag law by the shipper; and cannot be disregarded in weighing the testimony of plaintiff's witnesses to the effect that a special employee was charged with and performed the duty of tagging each bag after it was filled and sewed, and on the conveyor moving to the car in which it was immediately loaded, with supervision by foreman and superintendent to see that all was done in compliance with the law. No evidence was adduced showing any opening or disturbance of the sealed cars until they were turned over to the consignees at Guntersville for unloading.

Defendants introduced many witnesses who testified that all, or much of each of these shipments, was untagged. Most of them testify some seven years after the event. Without going into further detail, after careful consideration of the entire record, we concur with the trial Judge in holding this defense was not made out.

In his decree of reference the court decreed that complainants were entitled to recover the full amount of the notes, interest and attorney's fees: "Except as to the defense of payment and credits that should be allowed for payments made by Hyatt, Dodd and Taylor or for collections made from Farmer's notes by complainant, or its agents, to which they are entitled to credit."

Just prior to bringing suit defendants returned to plaintiff a number of farmer's notes, which had been theretofore delivered to defendants for collection under a trust receipt. Defendants are entitled not only to credit or set-off for the sums collected on these notes listed in a receipt given at the time, but for any sums which could and should have been collected by reasonable diligence under the equitable rules defining the duty of the holder of

collateral notes under the circumstances of the case.

The decree will be here modified and corrected by writing into the above excerpt after the words "for collections made" the following: "or which could have been collected by reasonable diligence."

As thus modified, the decree is affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.